PERRY W. McADOW, APPELLANT, vs. B. A. WACHOB, AP-
PELLEE.

EQUITY PRACTICE—DISSOLVING INJUNCTION WITHOUT
NOTICE—POSSESSION OF LAND AS NOTICE OF OCCU-
PANT'S ESTATE.

1. It is error for the court to dissolve an injunction upon the
   pleadings and testimony and findings of a master on the
   same day that the master's report is filed, without notice
   of the hearing of the application for dissolution, and with-
   out affording the parties an opportunity to except to the
   master's report.

2. If a party in good faith loans another money with which to
   purchase a tract of land, taking a mortgage upon such land
   to secure the loan, and subsequently purchases the mort-
   gaged land in good faith from the mortgagor in considera-
   tion of the mortgage debt and an additional sum of money
   in cash, and in pursuance of such purchase immediately
   goes into the actual, open, notorious and exclusive posses-
   sion of such land as the purchaser and vendee thereof,
   and all this transpires prior to the rendition of a judg-
   ment against the mortgagor in favor of a third party,
   such judgment under these circumstances, upon a bill
   filed in equity by such purchaser to restrain a sale of the
   land to satisfy such judgment, should be held to be sub-
   ordinate to the prior acquired equitable estate in the land
   of such mortgagee purchaser, notwithstanding the fact
   that the purchasing mortgagee did not acquire the ·legal
   title in the shape of a formal deed until after the rendition
   of such judgment. Such judgment creditor is charged
   with notice by such prior possession of the premises by
   such purchaser of his equitable estate in the land.

This case was decided by Division A.

Appeal from the Circuit Court from DeSoto county.

The facts in the case are stated in the opinion of the court.

*Isaac H. Trabue,* for Appellant;

No appearance for Appellee.

TAYLOR, C. J.,

This cause is submitted here upon abstracts of the record that are not excepted to and that are therefore admitted to be a true expose' of the ranscript of record. This abstract is so disjointed and meager as to make it almost impossible for the court to glean from it enough to base an intelligent disposition of the cause upon. From it, however, we gather the following facts: On the twenty-seventh day of June, 1898, McAdow, the appellant, filed his bill in equity in the Circuit Court of DeSoto county against Wachob, the appellee, praying that the latter might be restrained and enjoined from selling a tract of land therein described under a judgment recovered by the latter against one Leland T. Hayman; that in January, 1898, appellant loaned Hayman $4,000, and took a mortgage on said land to secure the payment. On April 1st, 1898. Hayman, not being able to care for the property which was deteriorating in value from neglect, sold it to McAdow, the mortgagee, in consideration of his mortgage debt and the additional sum of $500, then paid to Hayman, and McAdow then took possession of the property and at once expended $800 in improving it, but the deed of conveyance to McAdow was not executed until May 26th, 1898. On April 13th, 1898, Wachob recovered judgment against Hayman for $900 (where or in what court does not appear), and on the twenty-third of April, 1898,

execution issued and under it this land was advertised to be sold. The $4,000 was loaned to Hayman by McAdow for the purpose of purchasing the land in controversy from a former owner thereof. On the twenty-eighth of June, 1898, injunction was granted as prayed. On July 4th, 1898, Wachob filed an answer, alleging that on April 13, 1898, he recovered judgment against Hayman, and that Hayman owned the land until May 26th, 1898, when he deeded it to McAdow. The answer, as disclosed by the abstract, does not take issue with any material allegation of the bill. Replication was duly filed and a master was appointed to take the testimony. The testimony taken supports the allegations of the bill in substance. On November 26th, 1898, the master filed his report recommending that the injunction be dissolved and the bill dismissed. On December 5th, 1898, the complainant filed exceptions to the master's report as follows: 1st. Because the report is contrary to the equity of the case. 2nd. The report is contrary to the evidence of the case. 3rd. Because the said report robs McAdow of his investment for the benefit of Wachob without any consideration from the latter to the former. On the twenty-sixth of November, 1898,the very day on which the master filed his report, without any notice of the motion or hearing, the defendant moved the court to dissolve the injunction, which motion the court granted on December 6th, 1898, the day after the exceptions were filed, and from this order the appeal is taken, and this order is assigned as error.

The court below erred in granting the order dissolving the injunction upon the pleadings and report of the master without notice to the complainnant, and without affording the complainant an opportunity to except to the master's report and findings, and without an opportunity

to be heard upon such exceptions. Rule 84 of Circuit Court Equity Rules provides that "the master, as soon as his report is ready, shall return the same into the clerk's office, and the day of return shall be entered by the clerk in the order book. The parties shall have one month from the time of filing the report to file exceptions thereto * * * . If exceptions are filed, they shall stand for hearing before the court upon reasonable notice by either party." This rule has been violated in the order made here, and for that reason such order must be reversed. Inasmuch as the cause will have to be heard again before the chancellor below upon the proofs taken before the master and the exceptions to the master's report, it will be proper for us to say that if the proofs in the case shall establish the allegations of the bill that McAdow *bona fide* loaned Hayman the money to purchase the land in dispute, taking a mortgage on the land to secure such loan, and that prior to the rendition of the judgment in favor of Wachob against Hayman, or prior to its record in the county where the land in dispute is situated, the latter in good faith sold the said land to McAdow in consideration of his mortgage claim and the additional sum of $500, and McAdow, prior to the rendition of such judgment, or prior to its recordation in the county where the land lies, was put into the actual, open, notorious and exclusive possession of said land as the purchaser and vendee thereof, which purchase was subsequently on May 26th, 1898, in good faith fully consummated by the execution of a deed in fee from Hayman to McAdow, that then under these circumstances, the judgment of Wachob was subordinate to the prior acquired equitable estate in the land of McAdow, and the injunction should be made perpetual. 2 Pom. Eq. Jur. Secs. 685, 723; Wade on Law of Notice, Sec. 273; Massey v. Hubbard, 18 Fla. 688.

The decree of the Circuit Court is reversed with directions for such further proceedings as shall be conformable to equity practice and in consonance with this opinion.