## WEST COAST LUMBER COMPANY, A CORPORATION, *Appellant,* v. W. D. GRIFFIN, *Appellee.*

UNRECORDED DEED—SUBSEQUENT PURCHASER WITHOUT NOTICE—BURDEN OF PROOF OF NOTICE.

Under our recording laws subsequent purchasers acquiring subsequent title without notice of a prior unrecorded deed will be protected against such unrecorded conveyance, unless the party claiming thereunder can show that such subsequent purchaser acquired his title with notice of such unrecorded conveyance. The burden of showing such notice is upon the party claiming under such unrecorded conveyance, as all the presumptions in such a case are in favor of the *bona fides* of such subsequent purchaser, and that he acquired his title in good faith and without notice of the prior unrecorded conveyance.

This case was decided by Division B.

Appeal from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*W. B. Davis,* for appellant;

*L. W. Blanton* and *H. J. McCall,* for appellee.

TAYLOR, J.—The appellee as complainant below filed his bill in equity against the appellant as defendant below in the circuit court of Taylor county alleging that he was the owner in fee of a certain described 360 acres of land in said Taylor county of which he was in possession. That said land was sold on June 1st, 1859, by one Neil Hendry to Archibald Griffin who was then put in possession thereof and who through various tenants held such possession until his death in 1865, and that his heirs through a tenant have continued in possession

thereof, until they sold the same to complainant, and he, through a tenant has continued ever since in the possession thereof. The J. E. Hendry and N. C. Hendry as executors of the last will of the said Neil Hendry on December 31st, 1895; sold and conveyed said land to one W. B. Stephens by deed which was not recorded until March 3rd, 1903. No question is raised as to the power of the executors as such to convey the property. That W. B. Stephens sold and conveyed same by deed on April 25th, 1900, to J. W. Oglesby, attorney, and that on April 23rd, 1900, J. W. Oglesby sold and conveyed same to the defendant The West Coast Lumber Company, a corporation, who now claims the same by virtue of the foregoing conveyances. That all of said conveyances are clouds upon his title. The bill prays that the said deeds from J. E. Hendry and N. C. Hendry as executors to W. B. Stephens, and from Stephens to Oglesby and from Oglesby to the defendant be cancelled as clouds upon his title. The defendant answered the bill denying specifically every material allegation thereof, and alleged that it purchased the land in good faith and without any notice of any sort or knowledge that there was any other claim, title or right thereto in anyone else either actual or constructive. That the alleged conveyances, if there ever were any such, from Neil Hendry to Archibald A. Griffin, and from the heirs at law of Archibald A. Griffin to the complainant and one W. S. Blitch, and from W. S. Blitch to complainant have never been recorded in Taylor county where said lands are situated and that defendant otherwise had no notice or knowledge thereof. The cause was referred to a master to take testimony, who took and reported a voluminous amount of testimony both oral and documentary, and at the final hearing on bill, answer and evidence the court below rendered a final decree finding the equities to be

with the complainant, and cancelling the deeds by which the defendant claims title to the land as prayed in the bill. From this decree the defendant below has appealed to this court and assigns the rendition of said decree to be error.

The court below erred in making the decree appealed from. The evidence shows that all of the land in dispute, except about four and a half acres, is wild and unoccupied woodland, unenclosed and unimproved. About four and a half acres of it are inclosed by the fence of an adjacent owner located on the west side of it whose enclosure runs across the division line between his land and the land in dispute at one point and thereby takes in said four and a half acres within the field of such adjacent owner—and in this condition has the property remained for many years, except that it is not definitely stated how long the 4½ acres have been thus enclosed. The alleged conveyances from Neil Hendry the original owner, from whom both parties claim title, to Archibald A. Griffin and from the heirs at law of Archibald A. Griffin to the complainant and W. S. Blitch, and from W. S. Blitch to the complainant, if there ever were any such conveyances, were never spread upon the records of Taylor county where the lands are situated prior to the purchase by, and conveyance thereof to, the defendant, and there is no attempt even at any proof that the defendant at the time it purchased and acquired title to the property had any sort of notice or knowledge of any of said alleged conveyances. The only visible semblance of possession by the complainant was the four and a half acres enclosed under the fence surrounding adjacent lands of an adjacent owner, who claimed to have said four and a half acres in his possession as the tenant or agent of the complainant. It is well settled here that under our recording laws subsequent purchasers acquir-

ing subsequent title without notice of a prior unrecorded deed will be protected against such unrecorded conveyance unless the party claiming thereunder can show that such subsequent purchaser acquired his title with notice of such unrecorded conveyance; and that the burden of showing such notice is upon the party claiming under such unrecorded conveyance. And that all of the presumptions in such a case are in favor of the *bona fides* of such subsequent purchaser and that he acquired his subsequent title in good faith and without notice of the prior unrecorded conveyance the party who has neglected to record his prior title to show that the subsequent purchaser has acted in fraud of his rights by purchasing with notice of his unrecorded prior conveyance. Fineberg v. Stearns, 56 Fla. 279, 47 South. Rep. 797, decided here at the present term, and cases there cited.

At the taking of testimony the complainant introduced in evidence some tax deeds from the State to himself to the lands in controversy antedating the conveyances under which the defendant claims title. The complainant in his bill makes no mention of any such tax deeds—does not in his bill claim thereunder, but expressly in his bill plants his right and claims upon the alleged conveyance from Neil Hendry to Archibald A. Griffin and from the heirs at law of Archibald A. Griffin to himself. and W. S. Blitch and from the said Blitch to himself. His attempt to show title in himself through these tax deeds was wholly inconsistent with the case made by his bill. Since if he was the owner of the lands under the conveyances as alleged in his bill it became his duty to pay the taxes thereon as they became due, and said tax deeds, therefore, conveyed him no better title than he had before.

The decree of the court below in said cause is hereby

Fla.—56

reversed at the cost of the appellee, and the cause remanded with directions for the entry of a decree in favor of the defendant and dismissing the complainant's bill.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.