CAROLINA PORTLAND CEMENT COMPANY, A CORPORATION EXISTING UNDER THE LAWS OF SOUTH CAROLINA, *Appellant,* v. R. B. F. ROPER AND M. LEIDERSDORF, *Appellees.*

Opinion Filed November 17, 1914.

1. The law is well settled that under our recording laws subsequent purchasers and creditors acquiring subsequent liens by judgment or otherwise without notice of a prior unrecorded deed will be protected against such unrecorded conveyance, unless the party claiming thereunder can show that subsequent purchaser or lien creditor acquired his title or lien with notice of such unrecorded conveyance; and the burden of showing such notice is upon the party claiming under such unrecorded conveyance. All of the presumptions in such a case are in favor of the *bona fides* of such subsequent purchaser or lien creditor, and that they acquired their subsequent title or lien in good faith and without notice of the unrecorded prior conveyance.

Car. Port. Cement Co. v. Roper *et al.*—Syllabus.

2. An execution creditor, equally with a subsequent purchaser, is protected under the statute against unrecorded deeds, and in order to deprive such judgment creditor of the protection of the recording statute it must be shown that he had notice in some recognized way of the rights of the party claiming under the unrecorded deed *at the time of the rendition of his judgment.*

3. Actual possession of land is such notice to all the world or to any one having knowledge of such possession as will put upon inquiry those acquiring title to or a lien on the land, to ascertain the nature of the rights the *occupant* really has in the premises.

4. One who acquires title to or a judgment lien on land with constructive notice of the actual possession and occupancy of the land by one other than the vendor or judgment debtor, takes subject to such rights as proper inquiry will disclose the occupant of the land actually has therein.

5. Possession, in order to be constructive notice of a claim of title to the land occupied, must be open, visible and exclusive; and such *occupancy* may be shown by any use of the land that indicates an intention to appropriate it for the benefit of the *possessor.* Such use may be any to which the land is adapted, and is calculated to apprise the world that the property is *occupied* under a claim of right therein.

6. Where parties claiming under unrecorded deeds have uncultivated and unoccupied land surveyed and have holes dug in it to test its quality, and take prospective purchasers on the land to examine it, such acts are not sufficient to show occupancy or as *indicia* of ownership to put the world upon inquiry as to the rights of those so using the land and to give such persons prior rights over the lien of a judgment obtained after the execution of the deeds of conveyance but before the record of such deeds.

Appeal from Circuit Court for Volusia County; Jas. W. Perkins, Judge.

Decree reversed.

*James H. Bunch* and *Murray Sams,* for Appellant;

*Landis & Fish,* for Appellees.

WHITFIELD, J.—This appeal is from a decree declaring a certain judgment not to be a lien upon stated real estate. It appears that in 1907, J. P. Turner and wife, to secure a loan, executed a trust deed upon the land to the State Bank of New Smyrna, which deed was recorded, and that on June 5th, 1908, J. P. Turner and wife executed a deed of conveyance of the land to John T. Hammond, who, joined by his wife, on April 17th, 1911, conveyed the land to appellees; that the deed from Turner and wife to Hammond was not recorded till September 25th, 1908, and that on July 6th, 1908, the Carolina Portland Cement Com pany obtained a judgment at law in the Circuit Court for Volusia County, in which the land was located, against J. P. Turner. The appellees who received title by convey-ance from the grantees of J. P. Turner contend that the decree appealed from is erroneous in holding that the judgment obtained July 6th, 1908, by the complainant company against J. P. Turner, is not a lien upon the land conveyed by Turner on June 5th, 1908, even though the deed of conveyance was not recorded till September 25th, 1908, after the judgment was rendered by the Circuit Court.

In support of the decree appealed from it is argued that the grantees, upon acquiring title from Turner on June 5th, 1908, at once went into possession of the land and remained in actual possession thereby giving notice to the world that they claimed and held an interest in the land, which rendered the holder of the judgment obtained

on July 6th, 1908, not a creditor for value and without notice within the meaning of the recording statutes. The trust deed executed and recorded in 1907 does not appear to have any material bearing upon this controversy. It is not contended that the judgment creditor had notice of the execution by Turner of the unrecorded deed when the judgment was obtained.

Every judgment entered by the Circuit Court shall create a lien and be binding upon the real estate of the defendant in the county where rendered. Sec. 1600, Gen. Stats. 1906. No conveyance, transfer or mortgage of real property shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law. Sec. 248, Gen. Stats. 1906. The creditors referred to in the above statute are creditors who "had obtained liens on the recovery of judgments." Rogers v. Munnerlyn, 36 Fla. 591, 18 South. Rep. 669.

The law is well settled that under our recording laws subsequent purchasers and creditors acquiring subsequent liens by judgment or otherwise without notice of a prior unrecorded deed will be protected against such unrecorded conveyance, unless the party claiming thereunder can show that such subsequent purchaser or lien creditor acquired his title or lien with notice of such unrecorded conveyance; and the burden of showing such notice is upon the party claiming under such unrecorded conveyance. All of the presumptions in such a case are in favor of the *bona fides* of such subsequent purchaser or lien creditor, and that they acquired their subsequent title or lien in good faith and without notice of the unrecorded prior conveyance.

An execution creditor, equally with a subsequent purchaser, is protected under the statute against unrecorded

deeds, and in order to deprive such judgment creditor of the protection of the recording statute it must be shown that he had notice in some recognized way of the rights of the party claiming under the unrecorded deed *at the time of the rendition of his judgment.* Feinberg v. Stearns, 56 Fla. 279, 47 South. Rep. 797.

Actual possession of land is such notice to all the world or to any one having knowledge of such possession as will put upon inquiry those acquiring title to or a lien on the land, to ascertain the nature of the rights the *occupant* really has in the premises. One who acquires title to or a judgment lien on land with constructive notice of the actual possession and occupancy of the land by one other than the vendor or judgment debtor, takes subject to such rights as the proper inquiry will disclose the occupant of the land actually has therein. Possession, in order to be constructive notice of a claim of title to the land occupied, must be open, visible and exclusive; and such *occupancy* may be shown by any use of the land that indicates an intention to appropriate it for the benefit of the *possessor.* Such use may be any to which the land is adapted, and is calculated to apprise the world that the property is *occupied* under a claim of right therein. See Tate v. Pensacola, Gulf, Land & Development Co., 37 Fla. 439, 20 South. Rep. 543; Massey v. Hubbard, 18 Fla. 688; McAdow v. Wachob, 45 Fla. 482, 33 South. Rep. 702.

The important question for determination here on the pleadings and evidence is whether the possession shown of the land before and at the time the judgment was rendered, if of such a nature as to put the world in general, or the defendant company in particular, upon inquiry to ascertain the nature of the rights of those having possession or occupancy.

The complainants' testimony is that in April, 1908, un-

der a contract to buy the land, which was not cultivated or occupied, the complainants' grantor, Hammond, went into actual possession of the land by having it surveyed and having holes dug in the land to test its quality, and by taking prospective purchasers on the land to examine it. These acts were not sufficient *indicia* of ownership to put the world, including the defendant foreign corporation, upon inquiry as to the rights of the complainants in the land. They did not constitute actual possession. Such acts might well have been performed by the agent of the former owner, or by a casual trespass. The acts asserted as constituting possession and occupancy being insufficient to indicate a claim of ownership of which the world should reasonably have taken notice, the decree that the judgment is not a lien upon the land cannot be sustained. See Feinberg v. Stearns, 56 Fla. 279, 47 South. Rep. 797; West Coast Lumber Co. v. Griffin, 56 Fla. 878, 48 South. Rep. 36; Hopkins v. O'Brien, 57 Fla. 444, 49 South. Rep. 936; Lusk v. Reel, 36 Fla. 418, 18 South. Rep. 582, 51 Am. St. Rep. 32; Doyle v. Wade, 23 Fla. 90, 1 South. Rep. 516, 11 Am. St. Rep. 334.

The acts of possession here asserted are wholly different from those shown in McAdow v. Wachob, 45 Fla. 482, 33 South. Rep. 702. In Mansfield v. Johnson, 51 Fla. 239, 40 South. Rep. 196, and Jacobs v. Scheurer, 62 Fla. 216, 57 South. Rep. 356, the question was the sufficiency of the record of the conveyances to protect the real owner of the land from the lien of a judgment obtained against the apparent owner of the record title. In this case the question is the sufficiency of the possession of the grantee under an unrecorded deed to protect him and his successors in title from the lien of a judgment obtained by a third person against a former grantor after the conveyance by him was executed, but before it was recorded.

In Mansfield v. Johnson, *supra,* the deed of conveyance, as recorded, gave no indication of the right of the real owner of an interest in the land and the credit leading to the judgment lien may have been given with reference to the title shown by the record. In Jacobs v .Scheurer, *supra,* the deed of conveyance was incorrectly recorded before judgment was obtained against the grantor, and a subsequent correct record of the deed of conveyance had relation to the original filing for record, which filing was before the indebtedness was incurred on which the judgment was obtained. See Hunter v. State Bank of Florida, 65 Fla. 202, 61 South. Rep. 497; Ray v. Hocker, 65 Fla. 265, 61 South. Rep. 500.

The decree is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.