### SAUER v. FLORIDA RY. CO. et al.

#### (District Court, S. D. New York. November 10, 1915.)

MORTGAGES ⬨153—VALIDITY—PRIOR UNRECORDED DEED.

   Under Comp. Laws Fla. 1914, § 2480, and the decisions of the highest court of the state, which govern in a federal court with respect to conveyances of property in that state, a bona fide mortgagee without notice is a purchaser within the meaning of the statute, and is protected against a prior unrecorded deed.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 344, 345, 354; Dec. Dig. ⬨153.]

In Equity. Suit by Carl J. Sauer, suing on behalf of himself and all other holders of bonds issued under and secured by a certain mortgage or deed of trust, against the Florida Railway Company, the Columbia Trust Company, individually and as trustee, the Suwannee & San Pedro Railroad Company, the Live Oak & Gulf Railway Company, the St. Marys, Suwannee & Gulf Railway Company, the Florida Construction & Realty Company, and the Union Trust Company of Florida, individually and as trustee. On disposition of questions of law before final hearing. Decision for complainant.

Edgar C. Beecroft, of New York City (Charles W. Lucas, of New York City, of counsel), for complainant.

William Ferguson, of New York City, for receiver.

Odom & Crawford, of Jacksonville, Fla., for defendants.

HAZEL, District Judge. The bill is for the foreclosure of a trust mortgage given to the Carnegie Trust Company as trustee for the bondholders of the Florida Railway Company, and the jurisdiction of this court is invoked on the ground that securities exceeding in value the sum of $3,000 are in the possession of the trustee within the Southern district of New York. The principal defendants deny that such securities are of the value stated, and contend that the basis of the suit is a mortgage on railroad properties situated wholly within the state of Florida, the place of its execution, and argue that, if defendants have property here of, the required value, complainant must also show affirmatively that he has not availed himself of a device to confer jurisdiction.

The questions of law involved were called up for determination under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) before final

hearing on the bill; the facts, which, briefly stated, are as follows, not being in controversy: On July 1, 1904, the Southern Investment Company, a Delaware corporation, owned all the stock and bonds of the Suwannee & San Pedro Railroad Company and of the Live Oak & Gulf Railway Company, the same being pledged to secure the payment of promissory notes and mortgage bonds of great value. In May, 1905, the said railroad companies for value deeded their railroad properties to the Florida Railway Company; but the deeds, which were subject to the mortgage under which the bonds on the respective railroads had been issued, were not recorded until 1910 when the deed by the Live Oak & Gulf Railway Company was recorded, and 1915, after this action was brought, when the deed of the Suwannee & San Pedro Railroad Company was likewise recorded. On July 1, 1909, the Florida Railway Company executed and delivered its corporate mortgage in controversy to the Carnegie Trust Company, as trustee, which recited, among other things, that all the shares of the capital stock of the Suwannee & San Pedro Railroad Company and of the Live Oak & Gulf Railway Company were pledged to the Southern Investment Company, and that the said corporate mortgage was subject thereto. Afterwards the Southern Investment Company transferred the securities held by it, consisting of stocks and bonds, to the Carnegie Trust Company, which from the sale of bonds issued under the trust mortgage had paid the debt.

Defendants contend that as the conveyances to the Florida Railway Company were not recorded as required by the statute law of Florida the pledged securities became valueless, and that as the corporations issuing the securities had parted with all their right, title, and interest in and to the railroad properties their capital stock represented nothing and their bond issue ceased to be a lien upon any property; but this contention is untenable, as the rights of complainant, a beneficiary under the trust, accrued on July 1, 1909, when the trust mortgage became of force, and at such time the unrecorded deeds must be deemed to have been ineffectual as against him and his associate bondholders. Any question arising in regard to the validity of the conveyances, of course, is governed by the laws of Florida, where the physical property is situated; but article 5, section 2480, of the Compiled Laws of Florida (1914), as construed by the highest court of that state, substantially provides that a bona fide mortgagee is a purchaser within the meaning of the statute to the extent of his interest in the property, and a deed not recorded at the time of the purchase is not binding upon him, but is ineffectual as to him. Warner et al. v. Watson, 35 Fla. 402, 17 South. 654; Broward v. Hoeg, 15 Fla. 370. And it has also been held by the Supreme Court of Florida that purchasers or creditors acquiring liens on mortgages without notice of a prior unrecorded deed will be protected against such unrecorded conveyance. Feinberg v. Stearns, 56 Fla. 279, 47 South. 797, 131 Am. St. Rep. 119; West Coast Lumber Co. v. Griffin, 56 Fla. 878, 48 South. 36. Giving effect to such decisions, I am of the opinion that the complainant, a bondholder under the trust mortgage, stands

in the same position as if the deeds to the Florida Railway Company had never been executed and delivered, and that the title to the property as to such bondholders is still in its predecessors. The complainant's rights, as said, accrued before the recording of the deeds, presumably without his knowledge of the prior conveyances, and his acquired rights are therefore thought not subject to the attack now made upon them by defendants.

Aside from this the complainant claims, and the provisions of the trust mortgage apparently support the claim, that at the time the trust mortgage was executed and delivered an intention was actually in existence to create a lien upon the stock and bonds previously pledged by the precedent companies to the Southern Investment Company, in order that the trustee might readily enforce its remedy against the pledged securities or certificates of stock, if there should be default by the mortgagor in the payment of the principal or interest. It is not improbable that complainant was aware of the fact that the Florida Railway Company went into possession and occupancy of the acquired railroad properties at the time of the execution of the unrecorded transfers; but this, standing alone, was not an acquirement of a lien with actual or constructive knowledge of outstanding equitable rights, such as would operate to subordinate the rights of the bondholders to those of the Florida Railway Company.

As the defendants have the right to interpose a further or different answer, it is unnecessary to consider at greater length the questions heretofore submitted. A decree, with costs, may be entered, declaring that the securities enumerated in the bill are within the jurisdiction of this court, and are above $3,000 in value, exclusive of interest and costs; and the defendants may have 20 days from the date of the entry of said decree in which to file their amended answer.