LAURA W. CROZIER, *et at., Appellants,* v. J. F. ANGE, *Appellee.*

## Opinion Filed January 26, 1923.

1. A deed purporting to convey lands that is executed by the owner who is a person of unsound mind, conveys no title and those to whom the property passes upon the death of the owner, may assert their rights in appropriate proceedings no estoppel appearing.

2. Where at the time property is mortgaged it is actually occupied by others than the mortgagor, the mortgagee is thereby put upon notice to enquire as to the rights of the occupants.

An Appeal from the Circuit Court for St. Lucie County; E. C. Davis, Judge.

Reversed.

*Fred Fee,* for Appellants;

*Dickinson & Dickinson* and *Parker & Thomas,* for Appellee.

WHITFIELD, J.—In an amended bill of complaint brought by J. F. Ange against George C. Carter and May J. Carter, his wife, Laura W. Crozier, Omer Crozier, Orville Crozier, M. M. Crozier, Fannie Crozier, Scepia Hurt and Winnie Houchins, it is alleged that on March 15, 1916, George C. Carter executed to J. N. Crozier six promissory notes for .$1000.00 each; that to secure the payment of such notes, the said George C. Crozier and his wife on the same day executed and delivered to J. N. Crozier a mortgage covering described lands; that J. N. Crozier endorsed and delivered the said six promissory notes to M. M. Crozier, one of the defendants, and that J. N. Crozier without written assignment then and there delivered to M. M. Crozier the original mortgage securing said six notes; that on April 17th, 1916, M. M. Crozier, being indebted to U. G. Staton executed and delivered to Staton two promissory notes, one for $1600.00, the other. for $1675.00, payable in six months and twelve months, and to secure the payment of such notes, the said M. M. Crozier "put up as collateral the six notes given by Carter to J. N. Crozier and endorsed to M. M. Crozier, and at the same time M. M. Crozier delivered to Staton the mortgage made by Carter and wife to J. N. Crozier; that U. G. Staton endorsed and delivered to J. F. Ange before maturity the two notes executed by M. M. Crozier together with the notes and mortgage executed by Carter to J. N. Crozier which had been delivered by M. M. Crozier to U. G. Staton as collateral; that J. N. Crozier "departed this life on or about the 8th day of August, 1916; that he left surviving him as his heirs at law, M. M. Crozier, a son, one of the defendants herein, Laura W. Crozier, his widow, one of the defendants herein, and Omer Crozier and Orville Crozier, minor children, Fannie Crozier, Scepia Hurt and Winnie Houchins, and that the said Laura W. Crozier and the two minor children afore-

said, are now in possission of and living on the property herein described; "that two of the notes given by Carter to J. N. Crozier, and the two notes given by M. M. Crozier to U. G. Staton are past due and unpaid; that no administrator of the estate of J. N. Crozier, deceased, has been appointed. The prayer is that George C. Carter be decreed to pay the amounts of the two promissory notes given by M. M. Crozier to U. G. Staton and transferred to complainant Ange, and that in default that the mortgaged premises be sold to satisfy the amount decreed; "that in the event it becomes necessary to sell said property to satisfy the said two notes from M. M. Crozier to U. G. Staton, that the defendants herein, and all parties claiming, by, through or under them, be forever barred from all equity and right of redemption in and to said property herein described; that in the event said mortgaged property should not sell for enough to pay said two notes of $1600.00 and $1675 respectively, together with interest and attorney's fees, then in that event a deficiency decree be entered against the said George C. Carter; that in the event that said property should sell for more than enough to pay said two notes of $1600.00 and $1675.00 respectively, that said amount be brought into court to be paid over to the heirs of J. N. Crozier, or such of them as is entitled to same."

In an answer filed by the defendant Laura W. Crozier, she avers "that she is the widow of said J. N. Crozier and that J. N. Crozier died intestate on or about the eighth day of August, A. D. 1916; that on the fifteenth day of March, A. D. 1916, this defendant and the minor children of this defendant and J. N. Crozier, and J. N. Crozier himself were in possession of and living upon the property described in the mortgage sought to be foreclosed in this mortgage; that they then possessed said property as a

homestead; that said property was conveyed to said J. N. Crozier on the eighth day of September, A. D. 1913, by S. S. Halliday and E. Clifton Halliday, by warranty deed which was duly recorded in the public records of St. Lucie County, Florida, on the thirtieth day of March, A. D. 1916, and that this defendant and said J. N. Crozier and said minor children occupied said premises as a homestead for more than two years next prior to the said fifteenth day of March, A. D. 1916; that during all of said period of time said property was inclosed with a substantial fence, and a dwelling house was during said period standing thereon and is still standing thereon, and that this defendant and said J. N. Crozier and said minor children occupied said dwelling house; that said premises are outside of the limits of an incorporated city or town and contain less than fifteen acres of land; that on the fifteenth day of March A. D. 1916 said J. N. Crozier and this defendant executed a deed of conveyance to George C. Carter, purporting to convey said premises described in said mortgage deed; that at the time of execution of said deed to said Carter said J. N. Crozier was insane, and that said deed passed no title to said Carter, his heirs or assigns because at the time of the execution of the said deed the legal title to said premises was vested in J. N. Crozier, and said J. N. Crozier was then and there *non compos mentis;* and was then and there, this defendant avers, insane to such an extent as to be incapable of comprehending the subject-matter of said deed of conveyance, its nature and probable consequences; that the only color of title or pretended title that George C. Carter ever had or received was by said deed from said Crozier and this defendant to him; also this defendant avers that at the time the said J. N. Crozier is alleged by the complainant in this suit to have assigned the promissory notes of George C. Carter to M. M. Crozier, his son,

he the said J. N. Crozier was insane to such an extent as to be incapable of comprehending or understanding the subject-matter of such assignment and its nature and probable consequences; and this defendant avers that the said J. N. Crozier did not receive any benefit from said alleged assignment of said notes or from the execution of said deed of conveyance; and so this defendant says that at the time of the death of said J. N. Crozier, the title to said premises was vested in him and then and there descended according to the laws of Florida governing the descent of homesteads, to this defendant and to his other heirs at law of the said J. N. Crozier, and this defendant is advised that by reason of the actual possession by her and her husband and by said minor children of said premises described in said mortgage all persons dealing with said property or with any notes secured by mortgage thereon were and are charged with notice of the fact of the insanity of said J. N. Crozier as aforesaid and of his consequent incapacity to execute any deed or assign any note or make any contract whatever; that the said J. N. Crozier was on the Eleventh day of April, A. D. 1916, by the County Judge of St. Lucie County, Florida, after the appointment of a committee to examine into the sanity of said J. N. Crozier, on petition previously duly made in accordance with the laws of Florida, declared permanently insane and it was in said proceeding by said County Judge, adjudged that said J. N. Crozier was permanently insane and that he required mechanical restraint to prevent him from self injury or violence to others and was thereupon committed to the State hospital for the insane at Chattahoochee where he remained in custody and insane until his death; that said J. N. Crozier had been adjudged insane at the time when it is alleged in the bill of complaint the said M. M. Crozier executed his note on April 17th, 1916, to one U. G. Staton

and delivered said note, alleged by complainant to have been assigned to M. M. Crozier as collateral, to said Staton.''

On testimony taken the chancellor decreed ''that the defendants pay to the complainant'' the amount found to be due on the two notes executed by M. M. Crozier with interest and attorney fees, that upon default the described lands be sold, and ''that in the event of failure on·the part of the defendants to pay the said sum of money hereinbefore set forth, and upon sale of said premises as herein decreed, then the defendants and all persons claiming through or under them, since the commencement of this suit, be, and they are hereby forever barred and foreclosed from all equity of redemption, and claim of, in and to the said mortgaged premises, or any part thereof.''

An appeal was taken by ''Laura W. Crozier, individually and as guardian ad litem and next friend of Omer Crozier and Orville Crozier, minors, Geo. C. Carter and May Carter, his wife, M. M. Crozier, and Fannie Crozier, his wife, Scepia Hurt and Winnie Houchins.''

Without discussing the procedure acquiésced in, it appears from the evidence that J. N. Crozier was mentally incompetent to execute the deed purporting to convey to George C. Carter, the family homestead and that the widow and heirs of the said J. N. Crozier having been made parties to the foreclosure proceedings, the defense interposed by the widow would avail her and the heirs of J. N. Crozier as established by the evidence, it not appearing that the widow received any consideration for joining in the conveyance of the homestead, even if that would estop her, as it would not estop the heirs of J. N. Crozier. If Carter received no title through the deed executed by J. N. Crozier and his wife, the mortgage executed by Carter here

sought to be foreclosed is not an encumbrance of the homestead property as against the widow and heirs of the owner of the homestead lands. Occupancy of the premises by the family of J. N. Crozier when the mortgage executed by Carter was delivered to complainant as collateral put complainant on notice to enquire as to the rights of the occupants.

Reversed for appropriate procedure.

TAYLOR, C. J., AND BROWNE AND WEST, J. J., Concur.

ELLIS, J., not participating.