## HAMS v. MARSHALL et al.
### No. 388.

Circuit Court of Appeals, Second Circuit.
July 14, 1930.

Winifred Sullivan, of New York City, for plaintiff.

Lewis H. Saper, of New York City, for appellant trustee in bankruptcy.

Walter H. Merritt, of New York City, for appellee Mrs. Marshall.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The facts are not disputed. On January 20, 1926, Matthew M. Marshall and John J. Hams executed in New York City their promissory note to Frank M. Dunbaugh for borrowed money. Under an agreement of even date they deposited with Dunbaugh as security for their note certificates for certain shares of stock and title deeds running to Marshall, as grantee, of land located in Texas and in Florida. Subsequently, an extension

agreement, dated July 21, 1926, was entered into, extending payment of the note and conferring more detailed powers of sale upon Dunbaugh in case of default upon the note. Appended to this agreement was the statement signed by Mrs. Marshall, "The foregoing agreement is hereby approved by me." Neither agreement was recorded in Texas or in Florida. Thereafter Hams died, and his executor was compelled to pay the note. Hams having executed said note for accommodation, his executor sued Marshall in the Supreme Court of the state of New York and obtained judgment for the amount so paid. Thereupon Marshall filed a voluntary petition in bankruptcy and was forthwith adjudicated a bankrupt. The present suit was then brought by Hams' executor, claiming subrogation to Dunbaugh's rights as equitable mortgagee of the land and pledgee of the stock certificates, against Marshall, his wife, and his trustee in bankruptcy, resulting in the decree appealed from.

■ The plaintiff's appeal raises only a question as to dower in the Florida land. The agreement of January 20, 1926, in no wise affected Mrs. Marshall's inchoate dower, for she did not sign it. Assuming that her approval of the extension agreement was equivalent to joinder by her in an equitable mortgage made by her husband, her execution of the instrument was inoperative under the local law to relinquish dower because of an insufficient acknowledgment. Section 5676, Compiled General Laws of Florida, Edition of 1927, provides that a married woman's acknowledgment to a conveyance, mortgage, or relinquishment of dower must be made separate and apart from her husband and without constraint by him and that "the officer's certificate shall set forth all the foregoing requirements." There is no certificate as to privy acknowledgment, and the Florida cases make it plain beyond question that without such a certificate there is no relinquishment of the wife's interest even as between the parties to the instrument. Durham v. Stephenson, 41 Fla. 112, 25 So. 284; Adams v. Malloy, 70 Fla. 491, 70 So. 463; Bank of Jennings v. Jennings, 71 Fla. 145, 71 So. 31; Hutchinson v. Stone, 79 Fla. 157, 84 So. 151.

■ It is urged by plaintiff that, although there was no legal relinquishment of dower, her approval of the extension agreement should be deemed to create an equitable charge upon her inchoate dower. The recognition of such a principle would in effect nullify the statutory provisions as to releasing dower, for every informally executed release of dower would be given effect in equi-

ty. The contention involves a misconception of the nature of inchoate dower. It is not an estate in land which equity may charge with payment of a debt, but is a chose in action, extinguishable at common law only by levying a fine or suffering a common recovery, and in modern times only by compliance with the prescribed statutory formalities. Even a contract to convey land executed and formally acknowledged by husband and wife jointly will not be specifically enforced against the wife's inchoate dower. Crookshanks v. Ransbarger, 80 W. Va. 21, 92 S. E. 78, and cases there cited. See, also, Wilkins v. Lewis, 78 Fla. 78, 82 So. 762. Accordingly, the decree below correctly excluded Mrs. Marshall's dower from the equitable mortgage.

We now turn to the trustee's appeal. With respect to the real estate, he contends that lack of record subordinates the rights of the mortgagee to those of the mortgagor's trustee in bankruptcy by reason of the local law and section 47a of the Bankruptcy Act (11 USCA § 75(a).

■ It may be assumed that the deposit of deeds, accompanied by a writing which satisfied the statute of frauds and declared the deposit to be security for the aforesaid note, created an equitable mortgage valid as between the parties. See Margarum v. Christie Orange Co., 37 Fla. 165, 19 So. 637; Berkey & Gay Furniture Co. v. Sherman Hotel Co., 81 Tex. 135, 16 S. W. 807; Walker v. Brown, 165 U. S. 654, 17 S. Ct. 453, 41 L. Ed. 865. Nevertheless, though valid as against the mortgagor, an unrecorded mortgage will not prevail against his trustee in bankruptcy, whom section 47 has armed with the rights of a creditor having a lien by legal proceedings, if by the local law recording was required to give validity to the mortgage as against such creditors. Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841; Cooper Grocery Co. v. Park, 218 F. 42 (C. C. A. 5). It is settled law both in Florida and in Texas that a deed or mortgage not recorded is invalid against creditors who obtain a judgment lien without notice of the unrecorded mortgage. As to Florida: section 5698, Comp. Gen. Laws, Ed. 1927; Carr v. Thomas, 18 Fla. 736; Carolina Port. Cement Co. v. Roper, 68 Fla. 299, 67 So. 115. As to Texas: article 6627, Rev. Civ. Stat., Ed. 1925; Paris Grocer Co. v. Burks, 101 Tex. 106, 105 S. W. 174. This is not disputed by the plaintiff with respect to formal mortgages, but the strange argument is advanced that the recording acts do not relate to "equitable mortgages." It would, in-

deed, appear an absurd result to construe a document as in equity the equivalent of a mortgage and then give it a better position than a mortgage stricti juris. We read the Florida statute as expressly precluding such construction. Section 5698 provides: "No conveyance, transfer or mortgage of real property, or of any interest therein, * * * shall be good and effectual in law or *equity* against creditors * * * unless the same be recorded according to law * * *."

The Texas statute, while not so explicit, must receive a similar interpretation. It is incredible that the statute was intended to place the holder of an unrecorded agreement for a mortgage in a better position than the holder of an unrecorded mortgage formally executed. See Boyce v. Shiver, 3 S. C. 515, 529. No Texas cases have been adduced inconsistent with this conclusion, which accords with the rule prevailing generally in other states. See Jones, Mortgages (8th Ed.) § 591; Luch's Appeal, 44 Pa. 519; Putnam v. White, 76 Me. 551. We hold, therefore, that for lack of record the equitable mortgage was not enforceable against the trustee in bankruptcy, and the decree below was erroneous in sustaining it with respect to the real estate.

As to the shares of stock, the decree of foreclosure was correct. The certificates were delivered into the possession of Dunbaugh at the execution of the agreement of January 20, 1927. This constituted a valid pledge; when possession is given, there is no requirement that the instrument be filed for record. See section 230, N. Y. Lien Law. The trustee's contention that the pledge was subsequently surrendered by reason of the agreement introduced as Exhibit 6, the details of which need not be here stated, is without merit.

The decree of the District Court is reversed as to the lands and in other respects is affirmed. Costs in this court are to be taxed against the plaintiff below.