CARL WILLIAMS, *et ux.*, and U. R. BARNETT, *et ux.*, Appellants, v. MARKEY-HARMON COMPANY, Appellee.

198 So. 825
Special Division B
Opinion Filed November 26, 1940
Rehearing Denied December 20, 1940

*D. M. Johnson* and *S. Whitehurst's Sons,* for Appellants;
*Clyde H. Lockhart,* for Appellee.

CHAPMAN, J.—The record here discloses that Carl Williams, in the Spring of 1936, by assignment, became the owner of a note and mortgage securing the payment of a lien on the W½ of the SE¼ of Section 7, Township 23 South, Range 20 East. Williams instituted foreclosure proceedings and on September 7, 1936, became the purchaser thereof at a master's sale. The delivery to Williams of a master's deed to the realty was not actually made by the master until November 4, 1936, while the confirmation order of the sale as made by the court was dated November 2, 1936.

During the month of September, 1936, and after Williams became the purchaser of the mortgaged premises, but prior to the entry of an order confirming the sale and delivery of a master's deed, Williams contracted to sell to U. R. Barnett the north thirty acres of the W½ of the SE¼ of Section 7, Township 23 South, Range 20 East, for the sum of $475.00, and Barnett paid to Williams the sum of $75.00, when Williams placed Barnett in possession of the thirty acres. Barnett immediately placed hands at work on the thirty-acre tract, sixteen of which were cleared. These employees, at Barnett's direction, stumped the land, turned the ground, and repaired the enclosure or fence about a portion of the thirty-acre tract. This work was performed during the months of September and October, 1936, and preparations were made by Barnett to set the tract to citrus

trees, which was done during the early portion of 1937. On November 2, 1936, Williams entered into a written contract with Barnett as to the terms of the sale and Barnett paid Williams $100.00. On November 15, 1936, Williams made Barnett a deed to the thirty-acre tract and Barnett paid Williams in full for the tract in the total sum of $475.00. The contract of sale was not recorded among the public records of Hernando County, but the deed was recorded several days after execution and delivery.

On November 2, 1936, Carl Williams and wife executed a mortgage on the property in the sum of $600.00 to Markey-Harmon Company, a wholesale grocery concern with its principal place of business at Tampa, Florida. The mortgage secured the payment of a pre-existing debt due by Williams to Markey-Harmon Company for groceries sold to Williams, who was engaged in the retail grocery business near Brooksville. The mortgage was recorded on date of delivery, viz.: November 2, 1936. The details incident to the giving of the mortgage by Williams and wife to Markey-Harmon Company were handled by the latter's representative and salesman. Williams drove with the salesman to the land and pointed out to him and the salesman then observed some work being done on the property but made no inquiry as to the parties doing the work. The salesman obtained the execution and delivery of the mortgage on the same day and caused it to be recorded.

On August 22, 1939, Markey-Harmon Company filed a bill of complaint to foreclose said mortgage in the Circuit Court of Hernando County, Florida, and made the original mortgagors and U. R. Barnett and wife, Ruby M. Barnett, defendants. Answers were filed by the defendants, and the Barnetts, in their joint and several answer, contended that they were the owners by purchase of the thirty-acre tract and that their possession of the property was open, hostile

and exclusive and that this possession was sufficient in law to put the Markey-Harmon Company on notice of their interest and claims in and to the thirty-acre tract on November 2, 1936, at the time of accepting a mortgage thereon, with other lands.

Testimony was taken before a special master on the issues made by the pleadings and the chancellor adopted the recommendation of the special master as to the terms and conditions of the final decree. The equities of the cause were adjudicated to be with the Markey-Harmon Company and against U. R. Barnett and wife, and from said decree an appeal has been perfected to this Court.

The question for a decision here is: Shall the mortgage of Markey-Harmon Company, dated November 2, 1936, take priority over the rights acquired by Barnett under his contract of purchase made in September, 1936, when he paid $75.00 as part of the purchase price of the thirty-acre tract and went into possession thereof? Was the possession of Barnett such as to meet the requirements of the rule enunciated in Marion Mortgage Co. v. Grennan, 106 Fla. 913, 143 So. 761, where it was said:

"Actual possession is constructive notice to all the world or anyone having knowledge of said possession, of whatever rights the occupants have in the land. Such possession when open, visible and exclusive, will put upon inquiry those acquiring any title to or a lien upon the land so occupied to ascertain the nature of the rights the occupants really have in the premises. Carolina Portland Cement Company v. Roper, 68 Fla. 299, 67 So. 115; Tate v. Pensacola G. L. & Dev. Company, 37 Fla. 439, 20 So. 543; McAdams v. Wachab, 45 Fla. 482, 33 So. 702. This Court also specifically held in the case of Crozier, et al., v. Ange, 85 Fla. 120, 95 So. 426, that 'Where at the time property is mortgaged it is actually occupied by others than the mortgagor, the

mortgagee is thereby put upon notice to inquire as to the rights of the occupants.'    19 R. C. L. 421, Sections 201 and 202."

We have carefully examined all the testimony in light of the above stated rule.    The mortgagee was represented by its salesman, Mr. Johnson, who went on the property prior to the delivery of the mortgage.    He testified that a portion of the tract had been fenced but he did not see any one about the property as he remained there only a few minutes. The employees of Mr. Barnett were produced as witnesses and testified to working on the thirty-acre tract during the months of September and October, 1936.    We think this possession on the part of Barnett was sufficient to put the Markey-Harmon Company on notice and to bring the case at bar with the rule of the above cited case.

We find nothing in the record to contradict or dispute the adverse possession of Barnett prior to the time the Markey-Harmon Company accepted its mortgage on the thirty-acre tract.    It is our conclusion that the evidence supports the possession of Barnett as to the thirty-acre tract and it was error on the part of the chancellor to decree the mortgage lien superior in dignity to the purchase agreement of Barnett for the said thirty acres.

The decree as, to the thirty-acre tract claimed by Barnett is reversed and the cause remanded for further proceedings in the lower court not inconsistent with this opinion.    The decree appealed from as to the remaining fifty acres is hereby affirmed.

It is so ordered.

TERRELL, C. J., and WHITFIELD, P. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices BROWN and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.