DREW, Chief Justice.
Appellee, plaintiff in the trial court, instituted a suit to quiet title the object of which was to declare that a judgment in favor of appellant, defendant in the lower court, did not constitute a lien on the ap-pellee’s interest in certain lands. Appellant appeals from a final decree granting the requested relief.
It appears from the record that in March, 1952, one Holmes contracted, as purchaser, to buy the subject property from one Tom D. Stone and wife. This instrument was recorded. In August, 1952, Holmes executed an assignment of “all his rights, title and interest” in the land and the contract to appellee. This, instrument was not recorded. On March 3, 1953, appellant obtained and properly recorded a judgment against Holmes for nearly $4,-. 000. On March 30, 1953, a decree was entered in an equity suit filed by appellant against Holmes declaring said judgment to constitute an equitable lien against the subject lands. Appellee was not a party to this suit. Appellant’s rights in this litigation must depend on the judgment and not the decree. These facts are not disputed and it is also undisputed that at the *366 time the judgment against Holmes was recorded appellee was in possession of the subject property through his tenants.
Appellant claims that as the holder of the recorded judgment she is in the same position as a bona fide purchaser for value and, therefore, her lien is superior to the interest of appellee under the contract which was not recorded. She recognizes that at the time she recorded her judgment the subject property was in possession of appellee’s tenants, but she argues that these tenants were the same persons who had 'been tenants of the property when it was possessed by Holmes. Therefore, she contends, there being no change in the physical occupancy, the mere fact of tenancy puts no one on inquiry and effects no constructive notice. Stockton v. National Bank of Jacksonville, 45 Fla. 590, 34 So. 897; Feinberg v. Stearns, 56 Fla. 279, 47 So. 797.
Appellee recognizes the rule of these cases but contends that it is not applicable here because under the evidence it appears that the tenants in possession at the time of recording of appellant’s judgment were placed in possession by him and never were tenants of Holmes, his assignor. Therefore, appellee asserts, “the entire difference of opinion between the parties rests on matters of fact settled in favor of the appellee by the court’s findings and decree.”
In this connection the circuit court in its decree found that at the time the appellant recorded her judgment “she had constructive notice of the appellee’s interest in said property by reason of possession by the appellee through his tenants.” The decree coming to us with the presumption of verity we must therefore conclude that the lower court found as a fact that the tenants of Peacock were not the tenants of Holmes and that, therefore, the rule in the foregoing cases has no application here. We think the evidence in the record is sufficient under the law to support this conclusion and therefore the decree.
Moreover, from the arguments advanced here, appellant obviously proceeded on the theory that being a judgment creditor, with her judgment properly recorded in the county where the subject property lies, pursuant to the requirements of section 55.08, F.S.1951, F.S.A., she is entitled as against appellee to protection as a bona fide purchaser without notice by reason of said section 55.08 and section 695.01, F.S.1951, F.S.A. There is no merit to this position. The appellee and his assignor, Holmes, each at most had only an equitable interest in the property. Appellant in seeking to establish a lien on this interest is at most in the position of a purchaser of an interest solely equitable in nature. Thus, only equitable interests being involved in this case, the rule protecting a bona fide purchaser has no application because the protection of that rule extends only to those purchasing a legal title. An equitable interest ordinarily is taken with all its imperfections and outstanding equities; and other things, being equal, between persons having equitable interests only, the equity prior in point of time prevails. Myers v. Van Buskirk, 96 Fla. 704, 119 So. 123; George E. Sebring Co. v. O’Rourke, 101 Fla. 885, 134 So. 556. See 55 Am.Jur., Vendor and Purchaser, 1061, Sec. 678.
Affirmed.
TERRELL and ROBERTS, JJ., and PARKS, Associate Justice, concur.