SPECTOR, Judge.
Appellants seek reversal of an adverse final judgment in a quiet title action filed by them against appellees. The appellees, Clyde E. Hart and Victoria Hart, counterclaimed to quiet title to the subject property in them, and the lower court ruled in accordance with their prayer.
The subject property was owned by one Katherine Gatt, an adjudicated incompetent. On April 22, 1964, she deeded the property to one Jirah Buck. That deed was recorded April 27, 1964. On April 24, 1964, two days after the deed from Gatt, Buck and his wife conveyed the property to the Griggs, appellants here. That deed was recorded May 13, 1964.
On June 19, 1964, one Burton Cronin, duly appointed guardian of Katherine Gatt, conveyed the subject property to the Harts by deed which was recorded June 30, 1964. On the same date, letters of guardianship issued in the State of Michigan naming Burton Cronin as guardian of Katherine Gatt was recorded in Volusia County.
In essence, the dispute between these parties centers upon the validity of the title to the subject property which inured to each as a result of their respective deeds. The appellees contend that since the trial court not only found that Katherine Gatt was in fact incompetent prior to execution by her of the deed to appellants’ predecessors in title, but also found that appellants were placed on notice that the disputed property was owned by a mentally incompetent person, the court was correct in holding that appellees’ title to the property was good since it derived from a valid deed. We agree and affirm.
The law of this jurisdiction has long been that a deed purporting to convey lands which is executed by an owner of unsound mind conveys no title. Crozier v. Ange, 85 Fla. 120, 95 So. 426. In Hassey v. Williams (1937), 127 Fla. 734, 174 So. 9, the court held that if a grantee under a deed from an incompetent had knowledge of the grantor’s insanity, the deed was voidable. In the case at bar, the court found on conflicting evidence that appellants had notice of Gatt’s incompetency.
In view of the findings of fact made by the” lower court and the applicable principles of law referred to above, the judgment reviewed herein must be
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.