**In re Jose D. RICCI and Maria H. Ricci, Debtors.**

**Bankruptcy No. 83–01770–BKC–JAG.**

United States Bankruptcy Court, S.D. Florida.

Jan. 5, 1984.

Lawrence Winson, Fort Lauderdale, Fla., Richard O'Hare, Coral Gables, Fla., for debtors.

Bradshaw Lotspeich, for Barnett Bank, creditor.

JOSEPH A. GASSEN, Bankruptcy Judge.

### SECOND PRELIMINARY ORDER ON CONFIRMATION

This cause came on to be heard on the confirmation of the Debtors' chapter 13 plan, the objection of BARNETT BANK OF SOUTH FLORIDA ("BARNETT") thereto, and Debtors' motion to deny BARNETT'S objection on the grounds that BARNETT is not the holder of an allowed secured claim within the meaning of 11 U.S.C. Section 1325(a)(5) and, therefore, may not object under Section 1325(a)(5) to Debtors' plan. The Court having heard the testimony of witnesses and the oral argument of counsel, and having reviewed the memoranda of law of counsel, it is hereby:

ADJUDGED that the Court finds the following facts and law:

## I. FACTS

A. In February 1981, RICARDO and YOLANDA FERNANDEZ took up residence at 12955 S.W. 56 Terrace, Miami, Florida (the "subject property"). Since then, MR. and MRS. FERNANDEZ have had continuous exclusive, open, and visible possession of, and have made improvements on, the subject property.

B. On March 26, 1981, Debtors executed as Sellers a contract for sale of the subject property. MR. and MRS. FERNANDEZ executed said contract as Buyers, paid Debtors a cash deposits, and executed and delivered to Debtors a promissory note and mortgage. None of the aforementioned documents were recorded on the public land records of Dade County, Florida.

C. BARNETT obtained a judgment for $72,259.32 against Debtors on December 13, 1982 which was recorded on December 15, 1982 at Official Records Book 11639 at Page 1989 in Dade County, Florida.

## II. LAW

 A. The execution by Debtors and MR. and MRS. FERNANDEZ of the contract for sale and the taking back by Debtors from MR. and MRS. FERNANDEZ of an unrecorded note and mortgage constitute an actual sale of the subject property by the Debtors to MR. and MRS. FERNANDEZ. See *First Federal Savings and Loan Association of Fort Myers vs. Fox,* 440 So.2d 652 (Fla. 2d DCA 1983) where the Florida Second District Court of Appeal held that an agreement for deed is a transfer of an interest in real estate, and stated that the parties to an agreement for deed are in essentially the same position as a vendor who transfers legal title and takes back a purchase money mortgage, meaning, that a vendor under an agreement for deed transfers all of his interest in the property, except for bare legal title.

B. The exclusive, open, and visible possession of the subject property by MR. and MRS. FERNANDEZ put BARNETT on constructive inquiry notice of the interests of MR. and MRS. FERNANDEZ in the subject property and, thereby, defeated BARNETT'S security interest in the subject property. *Bauman v. Peacock,* 80 So.2d 365 (Fla.1955); *Carolina Portland Cement Co. v. Roper,* 68 Fla. 299, 67 So. 115 (1914); and, *Humble Oil and Refining Co. v. Laws,* 272 So.2d 841 (Fla. 1st DCA 1973); See also *Tate v. Pensacola, Gulf, Land & Development Co.* (1896) 37 Fla. 439, 20 So. 542, 53 Am.St.Rep. 251; *Gamble v. Hamilton* (1893) 31 Fla. 401, 12 So. 229; and *Florida Land Holding Corp. vs. McMillen* (1938) 135 Fla. 431, 186 So. 188. Without a security interest in property in the Debtors' estate, BARNETT BANK is not the holder of an allowed secured claim and is not permitted to object under 11 *U.S.C.* Section 1325(a)(5) to the Debtors' plan. 11 *U.S.C.* Sections 506(a) and 1325(a)(5).

Upon the foregoing, it is therefore:

ORDERED that BARNETT'S objection pursuant to 11 *U.S.C.* Section 1325(a)(5) to confirmation of the Debtors' plan is denied, and that Debtors' plan is confirmed subject only to satisfaction of the requirements of 11 U.S.C. Section 1325(a)(4) as set forth in this Court's "Preliminary Order on Confirmation" dated December 22, 1983.