GREEN, J.
This is an appeal from a partial final summary judgment in an ejectment action brought by the appellee, Andrea McClain, to remove the appellant, George Sims, from certain real property she purchased. Based upon the undisputed record evidence, we find no error as a matter of law and affirm.
The property which is at the center of this dispute was once eo-owned by Earnest Marks, who operated a tire business on the property, and Evelyn Buckman. Prior to Marks’ death in November 1995, Sims had worked for Marks at the tire business on the property. According to Sims, Marks quitclaimed his one-half interest in the property to Sims in August 1995, prior to Marks’ death. Sims, however, never recorded this quitclaim deed until after the commencement of this ejectment action by McClain. Nor did Sims ever inform McClain of his quitclaim deed to this property.[1]
Marks died testate and McClain was named the personal representative of the will. In Marks’ will, dated January 30, 1995, Marks’ daughter, Felicia Allen, was a specific beneficiary of certain assets and the residuary beneficiary. McClain was a specific beneficiary of an equal share of the decedent’s residence with Allen as well as an equal share of the tire business with Sims. The will made no specific mention of the decedent’s one-half interest in the real property on which the tire business is located and which is now the subject matter of this dispute.
After Marks’ death in 1995, Sims continued to operate the tire business in one bay area of the property and McClain, at Sims’ invitation, opened and operated a uniform business in the other bay area of the property. Sims and McClain’s co-existence on this property at that time was anything but peaceful or harmonious. On October 30, 1997, McClain purchased Evelyn Buck-man’s one-half interest in the real property for valuable consideration. McClain recorded the deed on November 25, 1997. Since Marks’ will made no specific devise of his one-half interest in the property, it automatically passed to his sole heir, Allen, upon his death. See §§ 732.101, .514, Fla. Stat. (1995). McClain then commenced negotiations with Allen, as the residuary beneficiary, for the purchase of Allen’s one-half interest in the real property. McClain ultimately purchased Allen’s interest in the property for valuable consideration and received a deed which was duly recorded on January 28, 1998. Thus, as a result of McClain’s purchase of both Buckman’s and Allen’s interest in the property, McClain became the sole record owner of the property.
*611 When Sims thereafter refused to deliver possession of the property or to pay rents for the profits he received through the operation of the tire business on the property, McClain commenced this ejectment action. In his answer and counterclaim, Sims disclosed, for the first time, that he had received a quitclaim deed from Marks for a one-half interest in the property. Sims did not record his deed until after the commencement of this action.
McClain moved for partial summary judgment. The trial .court granted this motion, finding that McClain was vested with superior title to the property and therefore, entitled to the exclusive use, possession, and occupancy of the property. The court gave Sims thirty days within which to vacate the property and remove all of his personal property and debris. This appeal followed.
We affirm the summary judgment where it was undisputed that McClain: (1) had no notice of Sims’ purported one-half interest in the property; (2) paid valuable consideration for all of the property in good faith; and (3) recorded her deed prior to Sims. Based upon these undisputed facts, the trial court correctly concluded, as a matter of law, that McClain is a bona fide purchaser vested with superior title. See § 695.01, Fla.Stat. (1997). Sims nevertheless maintains that the summary judgment was erroneous granted because there were genuine issues raised as to McClain’s constructive notice of his purported interest in the property, given his continuous presence on the same so as to impose a duty of inquiry on the part of McClain prior to her purchase of this property from Allen. See Carolina Portland Cement Co. v. Roper, 68 Fla. 299, 67 So. 115, 116 (1914) (holding that “One who acquires title to or a judgment lien on land with constructive notice of the actual possession and occupancy of the land by one other than the vendor or judgment debtor takes subject to such rights as proper inquiry will disclose the occupant of the land actually has therein.”). However, in order for actual possession to be constructive notice to all the world of whatever rights the occupant has in the land, such possessions must be open, visible, and exclusive. Id.; Humble Oil & Refining Co. v. Laws, 272 So.2d 841, 842 (Fla. 1st DCA 1973). Here, the undisputed record evidence reveals that when McClain purchased this property from Allen, Sims did not have exclusive possession of the property. Indeed, Sims shared possession of this property with McClain as they operated their respective businesses. In the absence of Sims’ exclusive possession of this property, we conclude that McClain was under no duty of inquiry as a matter of law in this case. We therefore affirm the summary judgment entered below.
Affirmed.

. Sims testified as follows:
Q. Did you ever tell Andrea McClain about this quitclaim deed?
A. No, I didn't.
Q. Why not?
A. For what reason?
Q. I don’t know.
A. See, same thing. I don’t — why should I discuss her with my personal business?
Q. So she didn’t know that you got a deed from Earnest?
A. No.