### BEVANS *v.* YOUNG *et al.*

(*Supreme Court, General Term, Second Department.* February 11, 1891.)

SPECIFIC PERFORMANCE—PARTIAL EXECUTION OF CONTRACT.

While plaintiff was in possession of a house under a lease from defendant, the latter orally agreed that plaintiff might purchase the house within a certain time. Before the expiration of the time specified, defendant sold to a third person. Plaintiff had in the mean time bought some furniture for the house, put some coal in the cellar, and sodded part of the yard, which the court found was not done in reliance on the option to buy, but as a tenant. *Held,* that there was not such part performance as would take the contract out of the statute of frauds.

Appeal from special term, Orange county.

Action by Lizzie V. Bevans against Lydia F. Young and others for specific performance of a contract to sell land. There was a judgment for defendants, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Gilbert O. Hulse,* for appellant. *William H. Crane,* for respondents.

BARNARD, P. J. The agreement relied on by the plaintiff for the purchase of the property was not in writing, and was void by the statute of fraud. She had hired of the defendant the premises by a written lease for one year from April 1, 1888. Before this lease expired, there was a new arrangement made for the leasing of the property from April 1, 1889, to May 1, 1890, which included some personal property; window shades and lamps having been "thrown in" by the defendant. In November following, the plaintiff applied for a five-years lease. Defendant declined, but gave the plaintiff the refusal of buying the property at $3,250 "during the term." The plaintiff claimed that a new term was made in November, 1889, for one year from that time. The judge at special term found that the leasing was on its renewal for one year from 1st of April, 1889. This accords with the probabilities of the case. On the 24th of March, 1890, just before the expiration of the lease, the defendant obtained an offer of $3,000 for the place, and she offered the right to purchase to the plaintiff at that price. She made objection about a "drive on one side of the property that Mr. Farnum used." The parties separated with an understanding that "two or three days were to be given to think it over." Finally, the defendant gave the plaintiff a right to purchase until the 1st of May, 1890. On the 1st of April, 1890, the defendant sold the land to one Lambert. After the 1st of April, 1890, the defendant dispossessed the plaintiff, who was holding over after the expiration of term. There is no proof that the plaintiff ever decided to take the property. The proof of part performance is not sufficient to call for a specific performance of a void contract. Some furniture was bought; some coal was put in the cellar; the yard was fixed a little; the grape-vine was trimmed; and some eight feet square was sodded. The trial court finds that this work was not done on reliance upon the option to buy, but as tenants; and this is undoubtedly the proper conclusion. The furniture would suit other houses, and the work is so trifling that a tenant would ordinarily do it to make the home more attractive. The judge was not bound to find the entire credibility of the plaintiff's witnesses. If the testimony taken had gone to a jury, and they had found adversely to the plaintiffs upon it, no appellate court could properly reverse the finding. The evidence was peculiarly such as would permit a different deduction from that claimed by the plaintiff. The judgment should therefore be affirmed, with costs. All concur.