LIZZIE A. LUSK ET AL., APPELLANTS, VS. EPHRAIM J. REEL, APPELLEE.

1. A judgment creditor who purchases at an execution sale under his judgment without any notice, actual or constructive, of an unrecorded deed of the judgment debtor conveying the property purchased, is entitled to protection under the statute (McClellan's Digest, p. 215, sec. 6) as an innocent purchaser.

2. A purchaser at execution sale against one to whom real estate has been conveyed through mistake, but without any knowledge, actual or constructive, of such mistake, is likewise entitled to protection as an innocent purchaser.

3. An execution creditor, equally with a subsequent purchaser, is protected under the statute against unrecorded deeds.

4. When possession of real estate under an unrecorded deed is relied on as notice to the purchaser of the property at execution sale, it must appear that there was actual possession so as to give notice at the time of the rendition of the judgment under which the sale was made.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*J. M. Cheney,* for Appellants.

*J. Hugh Murphy* and *L. G. Starbuck*, for Appellee.

### BRIEF OF APPELLEE—STATEMENT OF FACTS.

This bill was brought to enjoin an action in ejectment to set aside a sheriff's deed and for other relief. The bill sets forth that Walter Davis was the owner of lots one and eight in Davis' Addition to Orlando, and that in March, 1887, the said Davis sold lot one to complainant Reel, and that said deed was duly recorded April 1st, 1888. It also sets forth that in May, 1887, Davis sold lot eight to one Hodges, and by mistake conveyed lot one which was then the property of Reel. In August, 1887, both lots one and eight were levied upon by the sheriff, as the property of Hodges and both were sold by the said sheriff under an execution against the said Hodges in March, 1888, and both were bought by the said Lusk.

After said sale the said Reel discovered that his land had been sold and applied to Davis and to the attorneys of the said Lusk, to have the mistake corrected, and thereupon they agreed, that upon the execution and delivery of a deed to lot eight by Davis to Lusk, the said Lusk would release to the said Reel, her claim to said lot one. That in pursuance of said agreement the said Davis executed a deed to said lot eight, and that by fraud and misrepresentation the said Lusk obtained said deed and thereupon refused to release her claim to lot one and that there was no other valuable consideration for said deed. The bill further sets forth that the said Hodges never claimed any right or title in or to the said lot one.

The bill also sets out the commencement of a suit in ejectment and the entry of a default therein. It

also alleges that the said Reel has no memory of ever having been served and that he has a good and meritorious defense at law.

## I.

The jurisdiction of equity to cancel or correct contracts founded in fraud, mistake or imposition is undoubted. Adams Equity, 170, 174, 176; Griffin vs. Orman, 9 Fla. 22.

In Greeley vs. DeCottes (24 Fla. 475) the court held that it had power to correct a mortgage after the same had been foreclosed, and there had been various other transfers, where the erroneous description had been carried into all of them, including the master's deed.

"The reformation of written instruments when by mistake they express more or less than the parties intended is a well established branch of equity jurisdiction." Franklin vs. Jones, 22 Fla. 526; Jackson vs. Magbee, 21 Fla. 622.

## II.

When the purchaser of land receives a deed and enters into possession and continues on actual occupancy, but does not record his deed, such notorious occupancy constitutes sufficient constructive notice to subsequent purchasers or creditors to protect the holder of the deed. Massey vs. Hubbard, 18 Fla. 688.

## III.

At a sale on execution the purchaser takes the property, subject to such prior liens and equities as effected it in the hands of the defendant in execution when judgment was recovered. Rolland vs. State of Florida, 15 Fla. 455; Massey vs. Hubbard, 18 Fla. 688; 6 Wallace 116, 122.

The jurisdiction of equity attached to this case to correct the mistake in the original deed from Davis to Hodges. The fact that the sheriff carried the mistake

into the deed whereby he transferred the land of Hodges to Lusk did not deprive equity of its jurisdiction.

The sheriff's deed did not and could not convey the title of any land which was not and had not been the property of Hodges. The bill alleges that the apparent conveyance of lot one to Hodges was the result of a mistake, and that Hodges did not claim to own lot one and that Reel was in actual possession which was constructive notice to all the world of his ownership. Demurrer admits the matters and things alleged in the bill.

The agreement made between Davis acting for and in behalf of Reel on one hand and the attorneys of Lusk on the other, was intended to place every one in the position in which he would have been if the mistake had not been made.

That agreement was ratified by Lusk, by her acceptance of the deed from Davis, conveying lot eight to her; said deed having no other good or valuable consideration than the deed by which Lusk had agreed to convey lot one to Reel. The bill alleges that the said Lusk obtained said deed from Davis by fraud and misrepresentation and thereupon refused to deliver the said deed to Reel or to free lot one from the cloud which rested upon the title thereof by reason of the deed thereto from the sheriff to Lusk.

The primary object of this bill was to set aside a sheriff's deed to lot one, on the grounds that the said deed was founded on a deed to which a mistake had been made; and the prayer to enjoin the suit in ejectment was added, to keep Lusk from obtaining possession by reason of the mistake in the said deed, before the principal matter in dispute could be settled. It therefore became a matter of no consequence whether

the said Reel was served or not; since equity has power to correct the mistake at any point in the proceedings, and since the pretended title of Lusk would be of no avail after the sheriff's deed upon which it was founded should be set aside.

The entire ejectment proceedings grew out of a matter, i. e. a deed founded in mistake, of which equity has original and exclusive jurisdiction; and the discussion in that case even if the judgment was final, could be set aside by this court, if it saw fit to set aside the deed on which it was founded.

Even if Reel had not been in possession at the time the deed from Davis to Hodges was executed, the title to lot one would not have passed, because neither party to the transfer intended to include lot one in the deed. The deed from Davis to Hodges, in as much as it concerned lot one was void ab initio and all proceedings founded upon or growing out of that deed must necessarily be void also.

MABRY, C. J.:

The bill filed in this case in May 1891, is to enjoin proceedings in ejectment and to cancel a deed made by the sheriff of Orange county, as a cloud upon the title to a lot of land claimed to be owned by the complainant. It contains substantially, the following allegations: That complainant is the owner in fee simple and has possession of the following described property: Lot one (1) of Block A of Davis' addition to the town of Orlando, Orange county, Florida, and that complainant "holds said land by warranty deed duly executed to him by one Walter T. Davis on the fifth day of March, 1887, and duly recorded in the office of the Clerk of the Circuit Court of Orange county, on the 11th day of April, A. D. 1888, in book 60, at page 66."

That on the 18th day of May, 1887, Davis sold to one P. C. Hodges lot 8 in Block B of the same addition, but by mistake lot one, owned by complainant was embraced in the deed to Hodges, who never gave any valuable consideration for said lot, and who never intended to purchase the same, and has always disclaimed any title or interest therein. Further, that by virtue of an execution in favor of said Lizzie A. Lusk, and against said P. C. Hodges, issued out of the Circuit Court, on the 5th day of August, 1887, the sheriff of Orange county levied upon and sold, on the 5th day of March, 1888, the lot owned by complainant, and also said lot eight; that upon discovering his lot had been levied upon and sold, complainant applied to Davis and the attorneys of Lizzie A. Lusk to have the mistake corrected and his lot freed from the cloud resting upon the same by reason of the sheriff's deed to Lizzie A. Lusk, and that it was agreed by and between her attorneys and the said Davis and Hodges that upon the execution by Davis of a good and sufficient deed to Lizzie A. Lusk for said lot eight, she would release to complainant her claim on said lot one in Block A; that in pursuance of said agreement Davis conveyed by warranty deed to Lizzie A. Lusk on the 3rd day of May, 1888, the said lot eight (8), and complainant represents that by fraud and misrepresentation, as stated, she obtained said deed from Davis, and refuses to release and free the said lot from the cloud upon the same. That on the——day of May, 1888, Lizzie A. Lusk, by her next friend George Porter, and W. I. Lusk instituted a suit of ejectment against complainant to recover possession of said lot one (1), the declaration in the cause being filed and summons issued on the 18th day of May, 1888, and the endorsement on the latter by the sheriff recites that it was served upon

the defendant on the 22nd day of the same month; that on the fourth of June following judgment by default was entered by the clerk, and defendants are seeking to recover final judgment in said suit, and thereby deprive complainant of the possession of said lot of land; that complainant had no recollection of being served in the ejectment suit, and if he was served, the fact had entirely escaped his memory, and he had a good and meritorious defense at law to said suit. It is also alleged that the said sheriff's deed to Lizzie A. Lusk was a cloud upon the title of complainant in said lot, and tends to depreciate the value thereof, and ought to be cancelled. The prayer is for process, and that the sheriff's deed to Lizzie A. Lusk be cancelled as a cloud upon complainant's title to lot one (1), and that the ejectment proceedings be enjoined.

Injunction was issued as prayed for in the bill, and defendants demurred on the grounds that there was no equity in the bill; that a purchaser at sheriff's sale takes whatever title the record shows to have been in the judgment debtor at the time the judgment was entered; that the attorney had no authority to agree to convey land of his client, and if he makes such agreement he in no way binds his client. This demurrer was overruled, and after motions made and denied to dismiss the injunction, defendants appealed.

From the allegations of the bill it is made to appear that the complainant Reel obtained a deed from Davis to lot 1 in Block A, on the 5th day of March, 1887, but did not record it until the 11th day of April, 1888. In the meantime, and on the 18th day of May, 1887, Davis conveyed said lot to Hodges, against whom an execution in favor of Lizzie A. Lusk issued on the 5th of August, 1887, and the lot sold by virtue thereof on the 5th of March, 1888, a few days over a month be-

fore Reel recorded his deed. It is not alleged that Lizzie A. Lusk, the execution creditor and purchaser at sheriff's sale, had any knowledge, actual or constructive, that Davis had conveyed the lot to Reel, or that the conveyance of the lot by Davis to Hodges was by mistake. As we construe the allegations of the bill, there is no averment of actual possession of lot one by Reel prior to the time of filing the bill which was in May, 1891. It is alleged that Reel owned the lot and had possession of it, and held it by warranty deed executed by Davis on the 5th of March, 1887, but this possession has reference to the time of filing the bill. There is no allegation that Reel was in actual possession so as to give notice of any interest he might have had in the lot at the time of the issuance of the execution, or the sale of the property to Lizzie A. Lusk. Under our recording statute (McClellan's Digest, p. 215, sec. 6) creditors and subsequent purchasers stand upon the same footing in respect to notice of a prior conveyance not recorded. Massey vs. Hubbard, 18 Fla. 688; Carr vs. Thomas, Ibid 736; Eldridge, Dunham & Co. vs. Post, 20 Fla. 579. It was held in Emerson vs. Ross, 17 Fla. 122, that the recorded deed of an administrator upon the sale of the lands of a deceased intestate for value and without notice, will vest a good title as against a prior unrecorded deed of the deceased intestate. It was there said that "the object of the statute is to make patent, to disclose to the world the holder of the legal title, in order that purchasers for value might be protected against the secret deeds of the grantor." A purchaser at a sheriff's sale can claim the protection of an innocent purchaser, and where a judgment creditor has no notice, actual or constructive, of an unrecorded deed made by a judgment debtor before the rendition of a judgment, it is imma-

terial whether the purchaser at a sale under the execution has notice of such unrecorded deed or not. Doyle vs. Wade, 23 Fla. 90, 1 South. Rep. 516; Gower vs. Doheny, 33 Iowa, 36; Rogers vs. Hussey, 36 Iowa, 664; Lessee of Scribner vs. Lockwood, 9 Ohio, 184. It is also true that where a deed is executed to one through mistake, a purchaser from him for value and without knowledge, actual or constructive, of such mistake, is entifled to protection. Harrison vs. Cachelin, 23 Mo. 117; Ells vs. Tousley, 1 Paige, 280. Our statute is, that "no conveyance, transfer or mortgage of real property, or of any interest therein, shall be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same shall be recorded," etc. An execution creditor equally with a subsequent purchaser, as we have seen, is protected against unrecorded conveyances, transfers or mortgages of real property, and in the present case appelle shows in his bill that before his deed was recorded, the property therein described had been sold under execution against one to whom the admitted owner had conveyed it, and who was the holder of an apparent good legal title, nor is it alleged that the purchaser at the execution sale had any notice, actual or constructive, of the existence of appellee's unrecorded deed before the sale. The allegation that the ejectment suit was instituted against appellee in May, 1888, does not show that he was in possession when the judgment was rendered, or even when the sale was made, and as we construe the bill, it does not state anything from which notice of the unrecorded deed before the rendition of the judgment can be inferred. This is a vital point in the case, and the bill here is wanting in sufficiency and certainty. It is entirely insufficient, and unless there is something

in the other allegations to rescue the bill from the infirmity mentioned, the demurrer should have been sustained.    It is stated that Lizzie A. Lusk through fraud and misrepresentation obtained under the circumstances mentioned the deed from Davis to lot eight (8), and that she refused to release and free the said lot from the cloud upon the same.    This has reference, we assume, to releasing lot one (1) from the alleged cloud of the sheriff's deed, though the connection would make it refer to lot eight (8).    It is immaterial to which it refers, as we are unable to say how the bill can be assisted by it.    The purpose of the bill is not to cancel the deed from Davis to Lizzie A. Lusk for lot eight, but to cancel the sheriff's deed to her for lot one.    Davis and Hodges would be necessary parties to a proceeding to have the former deed set aside, but there is no such purpose in the present suit.    Nor is the bill framed for the purpose of obtaining a specific performance, if that could be done, of the alleged agreement with the attorneys of Lizzie A. Lusk to have her convey lot one (1) to appellee.    The agreement is set up in the bill, but there is no prayer for its specific performance, and the only relief sought is to have the sheriff's deed to Lizzie A. Lusk set aside and the ejectment suit enjoined.    The bill makes no proper case for such relief, and we need not devote any attention to the allegations in reference to the agreement.    Neither is it deemed necessary to refer to the allegations in reference to the ejectment suit, as it is apparent that there is nothing in what is stated on that subject to aid the bill in other respects.

Our conclusion is, that the demurrer should have been sustained to the bill, and the decree will be reversed with directions that such order be entered, with leave to appellee to amend his bill if desired.