FRED W. GRADOLPH, *Appellant,* vs. J. GERTRUDE RICOU, et al., *Appellees.*

139 So. 579.

Division A.

Opinion filed February 11, 1932.

Petition for rehearing denied March 17, 1932.

*A. S. Bussey,* for Appellant;
*Smith & Kanner,* for Appellees.

BUFORD, C. J.—In this case appellee instituted suit to reform and foreclose a mortgage. Amongst others, the appellant, Gradolph, was a party defendant. The mortgage sought to be foreclosed as it was drawn and recorded contained a void description but, following the attempted description, this language appeared in the mortgage:

"This is a second mortgage following mortgage given by R. R. Ricou to R. L. Goodwin for $3,220.00 dated March 10th, 1924, on or before one and two years at 8% interest, payable semi-annually."

The record shows that a mortgage from R. R. Ricou and his wife, J. Gertrude Ricou, to R. L. Goodwin correctly describing the lands which, it is alleged, were intended to have been described and pledged in and by the mortgage here sought to be reformed and foreclosed, was recorded on the 17th day of June, 1924, in Mortgage Book 75, page 360, of the Public Records in the office of the Clerk of the Circuit Court in Palm Beach County, and was on record at the time the mortgage here under consideration was made and executed on the 2nd day of January, 1926. It is true that the mortgage here under consideration was recorded in Martin County but it was, and is, a matter of

record of which courts will take judicial knowledge, and of which all parties were then charged with knowledge, that section 11, in Twp. 38 S. R. 41 E. was included in Palm Beach County, Florida, prior to the creation of Martin County.

After the execution of this mortgage and prior to the institution of this suit Bingham, who executed the mortgage, was adjudged a bankrupt and his Trustee in Bankruptcy sold the lands involved in this suit to Gradolph.

Gradolph defended the suit upon the theory that he was an innocent purchaser without notice and that the complainants had been guilty of laches in the institution of their suit. Upon final hearing, decree was in favor of the complainants.

The ruling question in this case is whether or not Gradolph was an innocent purchaser for value without notice.

We hold that the clause in the mortgage appearing immediately after the description of the land and which is hereinabove quoted, was sufficient to put the proposed purchaser on inquiry as to what was a proper description of the lands sought to be pledged by the mortgage and if he had made the inquiry which he was in duty bound to make he would have found a proper description of the land in the first mortgage referred to then on record.

This rule might not apply where the description contained in the instrument was a good description of land but described other land than that which was intended to be described. In such case the description being on its face a valid and sufficient description of land in the locality, the proposed purchaser would have the right to assume that the parties had embraced in the mortgage the description intended, but here the attempted description describes no land whatever, the infirmity being that the description after arriving at a starting point, reads:

"Thence Three and sixty-five one-hundredths (3.65) chains or two Hundred Forty-one (241) feet; thence

North Three and Sixty-five one hundredths (3.65) chains to the place of beginning, containing Ten (10) acres, more or less.''

These calls necessarily require the running of one straight line and then retracing same to the point of beginning, which would embrace nothing and a person of ordinary intellect observing such a description in a mortgage of record would be thereby advised that a mistake had been made in the writing of the description and when that mortgage referred to another deed or mortgage of record in such manner as to show that that other deed or mortgage embraced the same lands intended to be included in the mortgage under consideration, he is thereby put upon inquiry to ascertain what the intended description was and has constructive notice of the description as contained in the mortgage or deed so referred to.

In 41 C. J. 403 the author states the law in this regard as follows:

''Where a mortgage in describing the property intended to be covered refers to a previous deed or other conveyance of the same property, which contains a full description of it, with such particulars as to the parties to the deed and the place of its record, if the deed is on record, as will enable any person in interest readily to find and consult it, this will cure any defect or uncertainty in the rest of the description; and the same rule applies where the reference is to a patent, or to a recorded map or plat of the city or other civil division containing the property in question. The description may be thus aided by reference to a deed not recorded, or to one not on record at the time the mortgage was executed. The reference must be specific, that is, to a deed or other document clearly described or so particularized as to be identified with certainty. And it seems that resort cannot thus be had to a conveyance which is not mentioned or referred to in the mortgage.''

In support of this enunciation the author cites many

authorities. These authorities we have consulted and find that they uphold the text.

The decree appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.