FLORIDA BANK & TRUST CO. OF WEST PALM BEACH, as Liquidator of the First-American Bank & Trust Company of West Palm Beach, v. OCEAN AND LAKE REALTY COMPANY, *et al.*

160 So. 1.
Opinion Filed March 12, 1935.

*Beall & Farish,* for Appellant;

*A. L. Rankin, E. Harris Drew* and *Henry J. O'Niell,* for Appellees.

DAVIS, J.—This suit in chancery, brought by the appellant as liquidator of the First American Bank & Trust Company, as complainant in the court below for the foreclosure of a mortgage, resulted in a finding by the Chancellor that the mortgage relied on described no particular property capable of identification and was void for uncertainty, in consequence of which complainant's amended bill of complaint was decreed to be dismissed. The appeal now before us is from the final decree of dismissal on the merits, after testimony taken and issue tried before the Chancellor.

The description set forth in the mortgage and held insufficient was as follows:

" 'Beginning at a point at the intersection of the westerly side of Lake Drive and the Southerly line of Lot 2, Block "A," Royal Park Addition to Palm Beach, Florida, extended across Lake Drive; thence due west 313 ft. along a line in further prolongation of said southerly line of said Lot Two, Block "A"; thence southerly along a line at right angles to the last described line to the north side of the South Bridge as shown and laid out on the revised plat or map of Royal Park Addition to Palm Beach, Florida, dated January 8, 1913, and recorded in the office of the Clerk of the Circuit Court of Palm Beach County, Florida, in Plat Book 4, at page 1; thence Easterly along the North side of the bridge aforesaid to the point where the same intersects the Eastern shore of Lake Worth as shown on the plat aforesaid; thence on a curve having a radius of 18 feet; thence in a northerly direction along the West side of Lake Drive to the point or place of beginning, together with all riparian rights belonging thereunto.

" 'It is the intention to describe by this description all property in Royal Park Addition to Palm Beach aforesaid owned by the Palm Beach Improvement Company, or the Lake Worth Bridge Company located West of Lake Drive as shown on said plat North of the right of way for the South Bridge as shown on said plat and South of the South Line of Lot Two (2) Block "A," of Royal Park Addition aforesaid extended to the waters of Lake Worth, together with all riparian rights thereunto appertaining.' "

The appellee, Palm Beach County, in its answer, alleged that no particular parcel of land could be located by the above description and that therefore the mortgage was void for indefiniteness. Two engineers testified, with no countervailing evidence offered on behalf of complainant, that under the description above referred to, that the north line alone could be definitely located. This testimony was in support of the claim by the defendant County of Palm Beach that it was the owner in fee simple of the lands purported to be encumbered by the mortgage sought to be foreclosed and that it had been in actual possession of said lands at all times subsequent to March 31, 1920, and that the mortgagor, Ocean and Lake Realty Company, had never been in possession of said lands.

In addition to sustaining the county's objection to the mortgage for its fatal uncertainty of description, the Chancellor further held that even if the mortgage might be considered sufficient as between the parties to it to identify the property intended to be encumbered, that the original mortgagor, Ocean & Lake Realty Company, had no title or valid claim to the mortgaged land when the mortgage from Ocean and Lake Realty Company was given to the original mortgagee, Palm Beach Improvement Company, on July 23,

1925, and that said mortgagor had acquired no title to the said property thereafter.

If by mistake or otherwise land intended to be mortgaged cannot be identified, the instrument, unless reformed, is ineffective. To convey or mortgage real estate there must be such a description as will identify the land which is the subject of the deed or mortgage. Boley v. McMillan, 66 Fla. 159, 63 Sou. Rep. 703. And since it would be futile for a court to order sold a parcel of land that could not be located by the description under which the sale is asked for, such court, in the absence of a showing and prayer for reformation of the defective description, may properly refuse to order a foreclosure and sale of real estate attempted to be foreclosed against, even as between the parties to the mortgage instrument, since to do so would simply cause confusion and chaos in the public records and might tend to cast doubts and suspicions upon the title to property supposed to be adjacent to or in the vicinity of that against which such a defective foreclosure sale is prayed.

But regardless of the foregoing, it appears that the appellant utterly failed to sustain its alleged right to foreclose as against Palm Beach County, which claimed to be in hostile possession of the *locum* to which the foreclosure prayer was addressed, therefore the decree of dismissal was proper and the same should not be disturbed.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.