245 So.2d 911 (1971)
HARDAWAY TIMBER COMPANY, a Corporation, Joe E. Hutchison, Groedell M. Hutchison and Dorothy Milam Jinks, Appellants,
v.
R.B. HANSFORD and Alda M. Hansford, Appellees.
No. N-429.
District Court of Appeal of Florida, First District.
March 23, 1971.
Barnes & Grant, Marianna, and Isler, Welch, Bryant, Smith, Higby & Brown, Panama City, for appellants.
W.L. Bailey, Blountstown, for appellees.
*912 RAWLS, Judge.
Appellants appeal a summary final judgment entered in favor of appellees which denied appellant-Hardaway Timber Company's suit for reformation of two deeds.
Appellant, Hardaway Timber, poses three points on appeal. In view of our conclusion, we only consider the following point: Appellees, the Hansfords, were not bona fide purchasers for value without notice.
Appellants, Mrs. Jinks and the Hutchisons, contend that the summary final judgment was improperly entered because the evidence introduced was reasonably susceptible to contrary inferences. We agree and reverse and remand.
A major factual issue in this cause pertains to the quantum of land lying in Calhoun County and Jackson County. The record presented before the trial court was that of documentary evidence and no enlightenment on this subject other than that gratuitously recited in appellants' brief, and presumably orally argued before the trial judge, is available. Suffice it to say that recitation of "facts" in a brief does not fill the office of reviewable evidence.
We glean from the limited evidence before us that the appellees, Hansfords, purchased some 34 acres of land from appellants Jinks and the Hutchisons, as recited below, Hardaway Timber became involved by executing a quitclaim deed to Jinks and the Hutchisons to clear a cloud on the grantees' title. It developed that Hardaway conveyed land in Jackson County which it did not intend to convey and which Hutchison never claimed, and upon which he and Jinks had never returned or paid taxes.
In 1968, appellants, Mrs. Jinks and the Hutchisons, sold the following land to the Hansfords, viz.:
"* * * the following described land, situate, lying and being in the County of Calhoun, State of Florida, to-wit: NE 1/4 of the NE 1/4 of Section 6, Township 2 North, Range 9 West, less and except six (6) acres in the Northeast Corner."
As a condition precedent, Mrs. Jinks and the Hutchisons agreed to furnish title insurance. Title search revealed that Hardaway Timber was the grantee of a conveyance that constituted a cloud on the title of the above described land. At the behest of Mrs. Jinks and the Hutchisons, Hardaway, by quitclaim deed, conveyed the above described land to them. So, the conveyance from Mrs. Jinks and the Hutchisons to the Hansfords, the title insurance policy, and a mortgage conveyance, executed by the Hansfords, all described the lands conveyed as being in Calhoun County.
By the summary final judgment entered, the trial judge held, inter alia:
1. That the equities herein are with the defendants, R.B. Hansford and Alda M. Hansford.
2. That the defendants, R.B. Hansford and Alda M. Hansford, are bona fide purchasers for value without notice.
3. Defendants, R.B. Hansford and Alda M. Hansford, are adjudged to be the owners of the NE 1/4 of NE 1/4 of Section 6, Township 2 North, Range 9 West, less six (6) acres in the Northeast Corner, whether such property be located in Calhoun County, Jackson County, or both.
It is the quitclaim deed from Hardaway Timber, and the warranty deed from Mrs. Jinks and the Hutchisons to the Hansfords which Hardaway Timber sought to have reformed. In considering the quitclaim deed, Hardaway Timber contends that the involved grantors and the grantees all intended that the property transferred by said deed include only property within Calhoun County and that the deed should be reformed to reflect this intention. Neither Mrs. Jinks nor the Hutchisons asserted ownership to any property in Jackson County. They merely sought the quitclaim deed in order to clear the title to the land *913 in Calhoun County. This limited record reflects that Hardaway Timber gave the quitclaim deed with the same intention, never contemplating relinquishing any of the property it had owned and paid taxes on in Jackson County.
The jurisdiction of an equity court can be invoked to reform a document to reflect the true agreement between the parties to the document. Reformation must be grounded on fraud, inequitable conduct, accident, inadvertence or mistake. When mistake is alleged it must be the same mutual mistake by all the parties to the document. 5 Fla.Jur., Cancellation, Reformation, and Rescission of Instruments §§ 70-73. However, in cases such as the instant case where there is competent evidence that all the parties to this document (quitclaim deed) labored under a mutual mistake of fact, the document is subject to reformation to reflect the true intent of the parties. Hardaway Timber's right to reformation as against the Hansfords is also dependent on the determination of whether or not the Hansfords are entitled to protection as bona fide purchasers for value without notice, which the court below specifically found they were. Notice, sufficient to eliminate the transferee as a bona fide purchaser for value without notice can be either "actual" or "constructive." Actual notice has been described as either "Express, which includes what might be called direct information" or "implied, which is said to include notice inferred from the fact that the person had means of knowledge, which it was his duty to use and which he did not use". Sapp v. Warner, 105 Fla. 245, 141 So. 124, 127 (1932). The same case states in effect that "constructive" notice includes all recitals, references or matters appearing upon the face of any deed which forms an essential link in the chain of title.
The documents included in the record create a genuine issue of material fact as to whether or not the Hansfords are bona fide purchasers for value without notice. The court erred in entering the summary final judgment.
Reversed and remanded for further proceedings.
JOHNSON, C.J., and SPECTOR, J., concur.