326 So.2d 449 (1976)
AIR FLOW HEATING AND AIR CONDITIONING, INC., et al., Appellants,
v.
Thompson S. BAKER et al., Appellees.
No. 75-1401.
District Court of Appeal of Florida, Fourth District.
January 16, 1976.
Rehearing Denied March 4, 1976.
*450 Deno P. Dikeou of Baldwin & Dikeou, Casselberry, for appellants.
Ronald P. Teevan and John M. Robertson of Law Offices of Robertson, Williams, Duane & Lewis, P.A., Orlando, for appellee Baker.
MAGER, Judge.
The question presented in this interlocutory appeal is the correctness of the trial court's determination that the mortgage lien of the plaintiffs-appellees was superior to the mechanic's liens of the defendants-appellants.
The question is one of priorities between recorded instruments  the mortgage recording versus the lien recording.
The salient facts reveal that plaintiffs-appellees (Trustees of Barnett Mortgage Trust) sought to foreclose a mortgage on real property situate in Orange County, Florida. The mortgage had been filed and recorded by plaintiffs-appellees on July 19, 1973, said mortgage appearing in Official Records Book 2431, at pages 1559-1577, public records of Orange County. The mortgage did not contain a legal description of the property sought to be secured. In particular, the reference to the mortgaged property in the mortgage was set forth as follows:
"(A) THE LAND. All the land located in the County of Orange, State of Florida (the `Land'), described in Exhibit `A' attached hereto and made a part hereof; ..."
The "Exhibit `A'" referred to in the mortgage was not attached and was not filed on July 19, 1973.
On the same date, July 19, 1973, the owners-mortgagors of said property, defendants below and appellees herein, filed and recorded a Notice of Commencement (of improvement to the subject real property) pursuant to sec. 713.13(1), F.S., Mechanic's Lien Law, which notice was recorded *451 in O.R. Public Book 2431, at page 1598, of the public records of Orange County.
On July 26, 1973, the plaintiffs-appellees re-recorded the original mortgage setting forth on the face of said re-recorded mortgage that:
"CORRECTIVE MORTGAGE:
THIS MORTGAGE IS BEING RE-RECORDED TO INCLUDE EXHIBIT `A' WHICH WAS OMITTED IN ORIGINAL RECORDING."
On various and sundry dates in the summer and fall of 1974 the appellants properly filed and recorded their claims of lien. It is apparently undisputed that the liens in question were of the type described in sections 713.05 and 713.06, F.S. It is also undisputed that liens under sections 713.05 and 713.06 "attach and take priority as of the time of recordation of the notice of commencement ...", sec. 713.07, F.S.
It is the contention of the appellants that the recording of the mortgage by appellees on July 19, 1973, did not constitute constructive notice so as to take priority over the mechanic's liens recorded later on the same date because of the absence of the legal description of the property subject to the mortgage which description did not become a matter of record until July 26, 1973, a date subsequent to the notice of commencement.
It is the contention of the appellees that the mortgage recorded on July 19, 1973, contained language therein reflecting the existence of a loan agreement between the mortgagor and mortgagee which loan agreement was specifically incorporated by reference into the mortgage document and which loan agreement contained and supplied the omitted legal description referred to as "Exhibit `A'" which was not attached to the original mortgage.
Upon review of the applicable authorities and consideration of the facts herein we are of the opinion that the mortgage was not properly recorded in July 19, 1973, so as to impart constructive notice to subsequent purchasers and encumbrances and hence was not superior to the mechanic's liens which took priority as of July 19, 1973; it was not until July 26, 1973, when the mortgage was re-recorded with the proper description that constructive notice was created.
Where land intended to be mortgaged cannot be identified because of a lack of description the mortgage is ineffective unless it is reformed. Fla. Bank & Trust Co. of West Palm Beach v. Ocean & Lake Realty Co., 118 Fla. 695, 160 So. 1 (1935). Therefore, recording a mortgage with no description imparts notice of nothing and defeats the very effect and purpose of recordation. See 28 Fla.Jur., Records and Recording Acts, §§ 42, 44, 52.
We are not unmindful of the proposition that reference may be made in a recorded document to a deed or other document for the purpose of aiding any defect or uncertainty created by the recorded instrument. Sapp v. Warner, 105 Fla. 245, 141 So. 124, 143 So. 648, 144 So. 481 (1932); Gradolph v. Ricou, 104 Fla. 237, 139 So. 579 (1932). A creditor or encumbrancer is thereby placed on notice by the reference to such other deed or document to the extent that there is a duty to make further inquiry of that deed or unrecorded document. If a reasonable and prudent person would be apprised of the existence of a right by reference to another document or if reference to another document can supply what clearly and reasonably appears to be an omission or defect in an essential part of the recorded instrument then notice is presumed as a matter of "implied" actual notice. See Sapp v. Warner, supra.
However, the reference to the existence of another deed or unrecorded document must be specific not only in terms of identifying the other deed or document *452 with particularity but in putting a reasonable person on notice of the need to make reference to such other deed or unrecorded document. Cf. Gradolph v. Ricou, supra.
In the instant case the language appearing on the face of the mortgage under the heading "The Land" wherein the description would be set forth, refers only to an "attached Exhibit A", which was not attached. There is no reference whatsoever to any other deed or document recorded or unrecorded. Compare with Gradolph v. Ricou, supra. There is no indication to any prudent and reasonable person that the omitted legal description was intended to be supplied by reference to some other document.
The only place where reference to another document appears is under the heading "BREACH OF LOAN AGREEMENT AND OTHER DOCUMENTS" contained in one of the later provisions of the recorded mortgage. The language creating the reference relates to the default by the mortgagor and the options available to the mortgagee in the event of a breach by the mortgagor "of any covenant contained in this Mortgage, the Note, or in the Loan Agreement between Mortgagor and Mortgagee, which Loan Agreement is, by this reference, herein incorporated to the same extent and effect as though it were set forth herein in full ...".
Conceding that the loan agreement contained a description of the mortgaged property, reference to that agreement in the recorded mortgage document in the context described above would not create a duty upon a reasonable person to make further inquiry about the missing legal description or reasonably suggest that in order to locate such description it would be necessary to refer to the loan agreement (presumably available in the office of the mortgagee). We have not been shown nor has our research revealed any reported case in this or any other jurisdiction where a legal description of property which was omitted from a recorded mortgage could be supplied by a general reference to another document such reference being for a purpose unrelated to the legal description. It would require a strained interpretation of the recording law to sanction the imparting of notice  constructive or implied  under these factual circumstances.
Accordingly, that portion of the trial court's order holding "that the liens of the lienors are not superior to the mortgage sought to be foreclosed by the plaintiffs" is erroneous and set aside and the cause remanded for further proceedings not inconsistent herewith.
CROSS, J., and FERRIS, JOHN G., Associate Judge, concur.