BOARDMAN, Judge.
Theodore and Virginia Romak timely appeal an order which granted a mandatory injunction requiring them to remove an outside television antenna from their mobile home and to pay the attorney’s fees of appellees, Naples Mobile Estates Community Association, Inc. We affirm the trial court in its issuance of a mandatory injunction but reverse as to the award of attorney’s fees.
The pertinent facts may be briefly stated. On May 22, 1975, appellee executed a document styled “DECLARATION OF PROTECTIVE COVENANTS, CONDITIONS AND RESTRICTIONS OF NAPLES MOBILE ESTATES, A MOBILE HOME SUBDIVISION.” This declaration provided the format for the management of a platted mobile home subdivision and placed certain restrictions on the mobile home owners, including a provision forbidding outside antennas. On September 19, 1975, after the execution of the declaration but before it was recorded in the public records of Collier County, appellants purchased a lot in the subdivision. The option to purchase signed by appellants referred to the declaration and recited that appellants acknowledged a copy of it. The warranty deed to appellants referred to a “Declaration of Protective Covenants ... previously recorded '. . . .” However, as noted, the declaration had not been recorded on or before the date the deed was executed.
Sometime after appellants entered into possession a dispute arose concerning their outside antenna. Appellants were directed to take down their antenna, but they refused, and appellee filed suit for an injunction to require its removal. In their answer, appellants denied that they had received a copy of the declaration or that they were otherwise informed that outside antennas were not allowed in the subdivision. .Both *695 parties moved for summary judgment, and after a hearing the trial judge granted the injunction and awarded attorney’s fees to appellee.
The entry of the final summary judgment in favor of appellee was proper unless there existed genuine issues of material fact to be resolved. Bartlett Construction, Inc. v. Coastal Plains, Inc., 353 So.2d 892 (Fla. 3d DCA 1977). There is no dispute that appellants had an outside antenna and that the declaration forbade such an installation. The sole issue before us is whether appellants had actual or constructive notice of the antenna restriction. We hold that appellants did not have constructive notice of the restriction for the reason that the declaration had not been recorded at the time of the delivery of their deed. Pierson v. Bill, 138 Fla. 104, 189 So. 679 (1939). Nevertheless, the deed referred to the declaration. This specific reference to a document apparently restricting the use of their property put appéllants on notice of what they would have learned had they inquired as to the contents of the declaration. The reference to the unrecorded declaration was implied actual notice of the antenna restriction, and appellants are bound by that notice as much as if they had been expressly informed of the restriction. Sapp v. Warner, 105 Fla. 245, 255, 141 So. 124, 127, on reh. 105 Fla. 263, 268, 143 So. 648, 650 (1932); see also Air Flow Heating and Air Conditioning, Inc. v. Baker, 326 So.2d 449 (Fla. 4th DCA 1976).
We reverse the award of attorney’s fees to appellee, however, because it is based on an amendment to the declaration which departed from the specific provisions for modification contained in the original declaration. The declaration in article XX provided:
MODIFICATIONS: Until such time as the membership assumes control of the ASSOCIATION, the DEVELOPER reserves the right, through the Board of Directors of the ASSOCIATION, to make REASONABLE modifications to these covenants from time to time to better assure the protection of the value, desirability and attractiveness of the subdivision, and to comply with governmental restrictions and prohibitions; and provided further that said modifications do not materially alter the rights of members of the ASSOCIATION, except that any modification required by governmental authority shall be deemed reasonable and shall not constitute a material alteration of any member’s rights. (Emphasis supplied).
On December 9, 1977, more than two years after appellants purchased their lot, an amendment to the declaration was recorded which provided for an award of attorney’s fees in actions brought to enforce the provisions of the declaration. This amendment materially alters the rights of the membership of the Association (the lot owners) in cases where such actions are brought against lot owners. In this regard, the amendment clearly exceeds the scope of modification authorized by the declaration. Attorney’s fees may not be awarded against appellants.
Accordingly, the cause is remanded with instructions to strike the award of attorney’s fees; otherwise affirmed.
HOBSON, Acting C. J., and DANAHY, J., concur.