JORGENSON, Judge,
dissenting.
I respectfully dissent.
No genuine issue of material fact remained regarding the affirmative defense of mistake. “When mistake is alleged it must be the same mutual mistake by all the parties to the document.” Hardaway Timber Co. v. Hansford, 245 So.2d 911, 913 (Fla. 1st DCA 1971). Even if parol evidence were admissible here to alter the terms of the lease, the affidavit of Sze-man’s president stated that he understood the lease to give him exclusive rights to all seven lots; any mistake which occurred was therefore not mutual.
Moreover, Conger’s counsel drafted the lease. Any ambiguity in that lease must therefore be construed against Conger. MacIntyre v. Green’s Pool Serv., Inc., 347 So.2d 1081 (Fla. 3d DCA 1977).
Finally, Conger failed to allege any facts in her answer, affirmative defenses, or affidavit to support a claim of waiver. Even if the facts before the trial court supported such a claim, Conger’s attorney failed to counterclaim for reformation or rescission.
Because no material facts remained in dispute and because Szeman was entitled to judgment as a matter of law, I would affirm.