Argued and submitted September 9, the accused is suspended from the practice of law for a period of one year, effective 60 days from the date of filing of this decision November 4, 2004

# In re Complaint as to the Conduct of

## MAGAR E. MAGAR,
*Accused.*

### (OSB 01-196, 02-128, 02-129; SC S51060)

100 P3d 727

Magar E. Magar, Portland, argued the cause and filed the brief for himself.

Jane Angus, Assistant Disciplinary Counsel, Lake Oswego, argued the cause and filed the brief for the Oregon State Bar.

PER CURIAM

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar (Bar) filed a complaint alleging that the accused, an inactive member of the Bar, violated ORS 9.160 (holding self out as lawyer without authorization to do so) (two counts); Code of Professional Responsibility Disciplinary Rule (DR) 1-102(A)(3) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) (three counts); DR 2-101(A)(1) (making or causing to be made communication containing material misrepresentation about self or omitting statement of fact necessary to make communication considered as whole not materially misleading) (two counts); DR 7-102(A)(5) (knowingly making false statement of fact) (one count); and DR 7-106(C)(7) (intentionally violating established rule of procedure) (one count). The accused failed to attend the disciplinary hearing before the trial panel of the Disciplinary Board. As a result, the trial panel granted the Bar's motion for a default under Bar Rule of Procedure (BR) 5.8(a) and deemed the allegations of the Bar's complaint to be true. Subsequently, the trial panel concluded that those allegations established that the accused had violated the rules as charged.

The trial panel's November 21, 2003, opinion states as follows: "The Trial Panel orders a suspension of one year." At the time, the accused was on inactive status with the Bar and, consequently, had no authority to engage in the practice of law. Neither the Bar Rules of Procedure nor this court's past decisions explain how a disciplinary suspension should operate in that context. We return to that subject later in this opinion.

When the trial panel issued its decision, ORS 9.536(2) (2001), *amended by* Or Laws 2003, ch 192, § 4, provided for automatic review by this court of a "decision of the disciplinary board * * * to suspend the accused attorney from the practice of law for a period of longer than six months * * *." *See also former* BR 10.1 (2001) (stating similar rule).[1]

---

[1] The legislature amended ORS 9.536(1) and (2), effective January 1, 2004, to eliminate automatic review by this court and to provide, instead, for review in all discipline proceedings by this court as "a matter of right upon the request of either party." Or Laws 2003, ch 192, § 4. The Bar proposed, and this court approved, a conforming amendment to BR 10.1 effective January 1, 2004.

We apply the automatic review provisions here, because those provisions were in effect when the trial panel issued its decision. We review the decision of the trial panel *de novo*. ORS 9.536(2); BR 10.6. The Bar has the burden of establishing the alleged conduct by clear and convincing evidence. BR 5.2; *In re McKee*, 316 Or 114, 116, 849 P2d 509 (1993). " 'Clear and convincing evidence' means evidence establishing that the truth of the facts asserted is highly probable." *In re Cohen*, 316 Or 657, 659, 853 P2d 286 (1993).

■ BR 5.8(a) provides, in part:

> "If an accused lawyer fails to resign or file an answer to a formal complaint within the time allowed by these rules, or if an accused lawyer *fails to appear at a hearing* set pursuant to BR 2.4(h), *the trial panel * * * may file with the Disciplinary Board Clerk an order finding the accused in default* under this rule. * * * *The trial panel shall thereafter deem the allegations in the formal complaint to be true.* The trial panel shall thereafter proceed to render its written opinion based on the formal complaint * * *."

(Emphasis added.) A threshold issue in this proceeding is whether the accused failed to "appear at a hearing" within the meaning of BR 5.8(a).

The Bar asserts that an accused lawyer must *appear in person* at a disciplinary hearing to avoid default.[2] The accused argues that an accused may "appear at a hearing" within the meaning of BR 5.8(a) by *filing a document* with the trial panel at or before the hearing. He contends that he made an appearance of that kind at his hearing when he delivered a document entitled "Please consider this a motion" to the office of the trial panel chairperson at approximately 5:00 p.m. on the day before the scheduled trial panel hearing. A stack of papers accompanied the motion. The motion stated that the accused requested the admission into evidence of his "public file" with the Bar and the complaints, and related correspondence, that the accused had filed against other lawyers who had complained against the accused in this proceeding. The accused apparently assumed that the trial panel chairperson would offer the document into evidence on the

---

[2] At oral argument, the Bar agreed that an accused lawyer also may appear at a hearing by telephone.

accused's behalf at the hearing. The accused failed to serve a copy of that document on the Bar. The trial panel denied the accused's motion and granted the Bar's motion for a default.

The accused now makes inconsistent arguments. On the one hand, he contends that the trial panel's default order is not valid because he made an appearance at the hearing by delivering his motion and documents to the trial panel chairperson, as described above. On the other hand, the accused also concedes that, "[b]ecause of the default[,] it appears that accused is stuck with the truthfulness of the allegations of the amended complaint BR 5.8(a)." The accused also asserts that he now wishes to supplement the record with the documents that the trial panel chairperson refused to receive into evidence at the hearing.

It is evident that the accused is aware of the predicament in which he finds himself. To that, we add that the predicament is one of the accused's own making. Because the accused chose not to appear at his hearing, he was not available to authenticate the documents on which he now attempts to rely. Moreover, the accused violated BR 1.10(d)[3] by failing to serve a copy of his motion and documents on the Bar. The trial panel chairperson committed no error in denying the accused's motion and refusing to receive those documents into evidence. As a consequence, nothing in the record before the court supports the accused's claim that he appeared at the hearing.[4]

We decline to allow the accused to supplement the record at this late date with those documents, because, from all that appears, those documents are not in the record at the present time only as a result of the accused's intentional

---

[3] BR 1.10(d) provides:

"A copy of any pleading or document filed under these Rules must also be served by the party or attorney delivering it on other parties to the case. All service copies must include a certificate showing the date of filing. 'Parties' for the purposes of this rule shall be the accused or applicant, or his or her attorney if the accused or applicant is represented, Disciplinary Counsel, and Bar Counsel."

[4] Because we conclude that the accused did not "appear at [his] hearing," BR 5.8(a), we have no occasion to decide whether an accused lawyer may "appear" under that rule by filing a pleading or other document, or, instead, whether an accused lawyer must appear either telephonically or in person.

choice not to attend the disciplinary hearing and his failure to submit his documentary evidence properly at the hearing. The accused's attempt to present argument in reliance on those documents is unavailing, because the documents are not in the record before the court.

Like the trial panel, we "deem the allegations in the formal complaint to be true[,]" BR 5.8(a), and conclude that the Bar's alleged facts are sufficient to establish that the accused violated ORS 9.160, DR 1-102(A)(3), DR 2-101(A)(1), DR 7-102(A)(5), and DR 7-106(C)(7). We turn to the appropriate sanction.

■  At the outset, we note that the accused does not challenge the trial panel's sanction of a one-year suspension. Rather, he points out that he is 65 years old and "has no intention of ever applying to become active again."

The accused has been an inactive lawyer for four years. In that status, the accused may not engage in the practice of law, but may apply informally for reinstatement as an active member of the Bar under BR 8.2(a)(ii).[5] A suspension of an inactive lawyer for a period of one year, as the trial panel determined, does not affect the lawyer's ongoing inability to practice law. However, a suspension of that length subjects the accused to the formal reinstatement requirements set out in BR 8.1(a)(iv).[6] The relatively simple reinstatement

---

[5] BR 8.2(a) provides, in part:

"Any person who has been a member of the Bar, but who has

"* * * * *

"(ii)  been enrolled voluntarily as an inactive member for five years or less prior to the date of application for reinstatement; * * *

"* * * * *

"may be reinstated by the Board at its next regularly scheduled meeting following the filing of an informal application for reinstatement with the Bar and compliance with the Rules of Procedure in effect at the time of such application."

[6] BR 8.1(a) provides, in part:

"Any person who has been a member of the Bar, but who has

"* * * * *

"(iv)  been suspended for misconduct for a period of more than six months * * *

"and who desires to be reinstated as an active member * * * shall be reinstated as an active member of the Bar only upon formal application and compliance with the Rules of Procedure in effect at the time of such application."

procedures in BR 8.2(a)(ii) do not apply to an inactive lawyer whom this court has suspended for more than six months.

After considering the record as a whole, including the decision of the trial panel, we agree with the trial panel that a suspension of one year is the appropriate sanction for the accused's misconduct. A detailed discussion of the facts that support that determination would not serve the public, bench, or bar. In the event that the accused decides to apply for reinstatement to active status, the requirements of BR 8.1(a)(iv) would apply in the ordinary course.

The accused is suspended from the practice of law for a period of one year, effective 60 days from the date of filing of this decision.